NOVEMBER 20, 1801.

# Rhea and Ormsby *v.* Jacob Yoder.

*Upon a writ of error to reverse a decree of the Quarter. Sessions Court of Nelson county.*

Where money due upon government certificate comes to the hands of a party, or his agent, equitably entitled thereto, he can not, in equity, be compelled to pay it to one who holds the legal title to the certificate.

In the argument of this cause, it was urged by the counsel for Rhea and Ormsby that the certificates in question, of the value of the horses entered into and lost in the public service, and the claims of their hire until they were lost, by law were not assignable, and that neither can rights founded on frauds nor mistakes which happened in the sales of either of them be transferred to third persons, more than in any other cases.

On which, this court conceives that the decision of the contest does not depend on one or the other of those points. The merits of the contest seem to be that the certificates specifying the value of the horses and the rates of their hire, were sold to Rhea, under which he claims their hire, as well as their price; and the rights to their hire were afterward sold to Yoder, who was furnished with powers of attorney to demand and draw it from the public

fund allotted for its payment. But under the rules adopted by the government, or its agent, Rhea could not draw the hire without powers of attorney from the original claimants, and Yoder could not draw it, the original claimants having transferred their certificates to Rhea. In this dilemma, Rhea's agent and Yoder entered into a contract with each other, that the powers of attorney, as well as the certificates, should be given up to the agent for government, and that the hire in dispute should be received by Ormsby as their common trustee, to be retained by him until it should be determined who of them had the better right to it. At law neither of them could, in their own name, have demanded it from government; at least it is clear that Rhea could not; and yet it is equally clear that had it been paid to Yoder, he would have had a right in equity, against the original claimants, to have appropriated the money to his own use, and Rhea's agent considered Rhea as having an equitable right to the money against the original claimants paramount to that of Yoder's. It was, therefore, only the better equitable and personal right as purchasers to receive and appropriate the money which it was contracted should be determined, and which this court, in concurrence with the said quarter sessions court, has decided to be in Yoder. The parties having, from the nature of their contract, waived all benefit from the exceptions, which have been recited, the court considers itself relieved from considering what effects they ought otherwise to have produced.

Wherefore, it is decreed and ordered, that the former decree of this court, pronounced in this suit, do stand unaltered; which is ordered to be certified to the said court.