## STEFFNER *v.* BURTON.

### (*Knoxville.*     November 8, 1888.)

COSTS.   *Successful plaintiff liable for, when.*

A successful plaintiff, in an action for false imprisonment and assault and battery, whose recovery of *damages* does not *exceed* five dollars, is liable for *all costs* of the suit, except an amount equal to the damages recovered ; and judgment should be rendered accordingly.

Code construed : §§ 3921, 3922 (M. & V.) ; §§ 3197, 3198 (T. & S.).

Case cited and overruled : Gardenhire *v.* McCombs, 1 Sneed, 83.

(In *slander* plaintiff is liable for costs if he recovers *under* five dollars damages.   Code, § 4138 (M. & V.)

---

FROM SULLIVAN.

---

Appeal in error from Circuit Court of Sullivan County.   A. J. BROWN, J.

C. J. ST. JOHN and N. M. TAYLOR for Steffner.

W. D. HAYNES for Burton.

CALDWELL, J.   Burton sued Steffner and others for $1,000, as damages for false imprisonment and assault and battery.

The case was tried by the Circuit Judge without a jury.   He found the issues in favor of the plaintiff, assessed his damages at $5.00, and rendered

judgment against the defendant for that sum and *all costs*.

Steffner and his co-defendants have appealed in error to this Court.

The only assignment of error is with respect to the adjudication of costs, the contention of appellants being that they cannot lawfully be required to pay more than five dollars costs, because the damages assessed against them do not *exceed* five dollars.

The disposition of court costs has been a fruit-ful subject of legislative enactment. Since 1794 the rule has been that the successful party, in all civil actions, is entitled to judgment for full costs, unless otherwise directed by law. Acts 1794, Ch. 1, Sec. 74 (Car. & Nich., p. 188); Code (M. & V.), 3921.

Prior thereto, in 1715, it had been enacted that a plaintiff in an action of slander, who recovered " damages under five dollars," could recover " only so much costs as damages." Acts 1715, Ch. 27, Sec. 8 (Car. & Nich., p. 188).

And, therefore, in 1811, it was enacted that in suits for the recovery of damages occasioned by the overflowing of water by the erection and operation of a grist-mill, or other water-works of utility, the plaintiff shall *in no instance recover a greater sum in cost than the damages assessed by the jury;* and that the residue of the costs should be adjudged against the plaintiff. Acts 1811, Ch. 91, Secs. 1 and 2 (Car. & Nich., p. 189).

In 1829 it was enacted that in all civil actions for assault, assault and battery, malicious prosecution, and false imprisonment, the "plaintiff shall recover no more costs than damages unless the amount of damages given him shall *exceed* the sum of five dollars." Acts 1829, Ch. 1, Sec. 1 (Car. & Nich., p. 190).

Each of these acts last named made an exception to the general rule that the successful party is entitled to recover full costs; and yet no two of them made the same provision with respect to costs.

By the act of 1715 the plaintiff in the given case was deprived of his right to recover *full costs* only when his recovery of damages was for a *less* sum than five dollars, in which event he was allowed to recover only so much cost as damages; by the act of 1829 he was denied *full costs* where his recovery of damages was not for a *greater* sum than five dollars; and by the act of 1811 he could *in no event* recover more costs than damages, whether the damages recovered be less or greater than five dollars.

This lack of harmony in these statutes must have been in the minds of the legislators when, in 1852, the foregoing provisions of the Act of 1811 were repealed; and, instead thereof, another act was passed providing that, in suits for damages occasioned by the overflowing of water from the same cause mentioned in the act repealed, the successful plaintiff should recover full costs, except

when his judgment for damages should not *exceed* five dollars, in which case he should recover no more costs than damages.   Acts of 1851–2, Ch. 146, Sec. 1.

This enactment brought the different classes of actions mentioned in the Acts of 1811 and of 1829 within the same special rule, or the same excep-. tion to the general rule with respect to costs; but it left the matter of costs in an action for slanderous words subject to the other special rule provided by the Act of 1715.

It would seem that this remaining want of conformity in the law of costs was observed and intended to be overcome by the compilers of our Code, who compressed the several provisions into one section, as follows:.

"In all civil actions founded upon assaults, assaults and battery, malicious prosecution, false imprisonment, slanderous words, or for the recovery of damages for overflowing of water by the erection of a grist-mill, or other water-works of utility, the plaintiff recovers no more costs than damages, unless the recovery *exceed* five dollars": Code of 1858, Sec. 3198; Code (M. & V.), 3922.

But as a matter of fact, and notwithstanding actions for *slanderous words* are expressly included in the section just quoted, the provision for costs in the Act of 1715 was compiled separately, and placed under its appropriate head of "Slander and Libel," in a subsequent chapter and section of the Code, in these words:

"Where the verdict in slander is *under* five dollars, the plaintiff shall recover no more costs than damages." Code of 1858, Sec. 3402; Code (M. & V.), 4138.

Since the adoption of the Code of 1858, Section 3402, and not Section 3198, has been held to be the law in an action of slander, and a plaintiff in such an action, with a judgment for the sum of five dollars damages, has been allowed to recover all costs. *Bates* v. *Sullivan,* 3 Head, 633–4.

Nevertheless, as to the other actions therein enumerated, Section 3198 is controlling in matters of costs, and by its provisions the present case must be determined, this action being for false imprisonment and assault and battery, and the damages assessed not *exceeding* five dollars.

It matters not that the damages were assessed by the Circuit Judge instead of a jury; for, by the statute permitting parties litigant to waive their right of trial by jury, and by the uniform practice of this Court, the finding of the facts by the Circuit Judge, when the trial by jury has been waived, as was done in this case, is treated as the verdict of a jury. The finding of the trial judge that the plaintiff had been damaged to the extent of five dollars by the wrongful acts of the defendants, has the same force and virtue as the verdict of a jury assessing his damages at the same amount would have possessed; and the rules of law applicable to the costs of the litigation in the one

Steffner *v.* Burton.

case are the same as those that would be applied in the other case.

We have seen that this case falls within an exception to the general rule, that the successful party is entitled to recover all costs from his unsuccessful adversary, and that the statute making this exception will permit the plaintiff in this case to recover only so much costs as damages, the damages not being *in excess* of five dollars. But it may be said that there is no expresss provision on the face of the act for the disposition of the balance of the costs. That is true—there is no such express provision; nevertheless, we think there can be no serious difficulty in determining what disposition the law-makers intended should be made of the balance of the costs in such a case.

All costs must be paid by some party or parties to the litigation, and it is the duty of the Court to adjudge all the costs in every case. Hence, when it is enacted that in a certain case and contingency the plaintiff shall recover only a given amount of the costs, it follows by necessary implication that the legislators intended that the defendant in such a case and contingency should have a recovery for the residue of the costs.

The object of this legislation was to prevent frivolous and vexatious litigation—to keep parties out of court when the injury done was so trivial in its nature and extent that a recovery could not be obtained for more than five dollars damages. The object is praiseworthy, the enactment of a

wholesome law which should be cheerfully enforced by the courts.

We hold, therefore, that the assignment of error is well made, and that the plaintiff is liable for all costs in excess of five dollars.

In the case of *Gardenhire* v. *McCombs*, 1 Sneed, 83, a different result was reached, and each party was required to pay his own costs, after allowing the plaintiff a recovery against the defendant for one dollar of costs, that being the amount of damages recovered. That was an action for damages occasioned by the overflowing of water on the plaintiff's land, and the costs were adjudged under the Act of 1852, the principal object of which was held to have been the relief of the plaintiff in such a case from the payment of that part of the costs in excess of the sum recovered as damages. That such was the principal object of the Act of 1852 was inferred from the fact that it repealed the second section of the Act of 1811, which, in terms, provided that the plaintiff should pay all costs beyond the amount of damages recovered by him.

We think that inference was not well drawn from the fact stated, or from anything else appearing in the Act of 1852 or elsewhere, and that the decision in that case was unsound, and should not be followed as a precedent.

The object of the Act of 1852 must have been, as the result was, to bring that class of actions referred to in the Act of 1811 within the same

special rule (relating to costs) which had in the meantime been established with respect to other actions by the Act of 1829. And the manifest purpose of all these enactments, that of 1715, 1811, 1829, and 1852, was to discourage frivolous and vexatious litigation.

But if the *Gardenhire* case were approved upon its own reasoning it would not control the case at bar, because that reasoning has no application to this case, which in no sense stands upon the Act of 1852 or of 1811, but entirely upon the Act of 1829, as brought into the Code, without change in meaning.

As to costs, the judgment is reversed, and judgment will be entered here in favor of Barton for five dollars as damages, and for the same amount as costs. The residue of the costs below and all the costs of this Court are adjudged in favor of appellants, and against Barton.