Fox    v.    Boyd.

(*Jackson.*    April    7,    1900.)

1. VERDICT.  *Court's power to prevent return of defective.*

It is not error for the Court to interpose, upon his own motion, to prevent the return of a verdict so defective that it could not be effectuated according to the plain and manifest intent and purpose of the jury.  (*Post, pp. 359, 360.*)

Case cited: George v. Belk, 101 Tenn., 625.

2. SAME.  *Same.*

Hence, when a jury, in a slander case, returned a verdict for the plaintiff, and assessed his damages at one dollar and costs, it was not erroneous, but entirely proper, for the Court to refuse to receive it, and to send the jury back after instructing them that it was their province to award the damages only, and that the law disposed of the costs, and that if their verdict should not exceed five dollars the law awarded the costs against the plaintiff.  The Court sustained a verdict for $5.10 returned upon these instructions.  (*Post, pp. 359, 360.*)

3. CHARGE OF COURT.  *Error in, not cause for reversal, when.*

The defendant in a slander suit is not entitled to reversal on account of the Court's error in charging that the verdict must be for *more,* instead of *as much as* five dollars damages, in order to carry full costs against the defendant, where the damages were assessed at only $5.10.  *De minimis non curat lex.*  (*Post, pp. 360–362.*)

Code construed: §§ 5157, 4939 (S.); §§ 4138, 3922 (M. & V.); §§ 3402, 3198 (T. & S.).

Cases cited: Bates v. Sullivan, 3 Head, 633; Steffner v. Burton, 87 Tenn., 135.

FROM  OBION.

Appeal  in  error  from  Circuit  Court  of  Obion County.  W. H. SWIGGART, J.

---

Fox v. Boyd.

---

Moore & Wells and Pierce & Parks for Fox.

C. B. Simonton & Son and J. G. Smith & Son for Boyd.

Caldwell, J. Boyd sued Fox for slander. The jury returned a verdict in these words: "We find for the plaintiff, and assess his damages at one dollar and the cost." Thereupon the trial Judge, on his own motion, addressing the jury, said: "The jury cannot dispose of or adjudge the cost, and unless the verdict is for more than $5 the cost would go against plaintiff under the law, notwithstanding the jury might determine it the other way. With this explanation of the law as to cost you can still fix the damages at one dollar, or at such sum as you think proper. Perhaps you had better retire and consider whether you wish to make any change in your verdict, leaving out of consideration the cost entirely; the law fixes that. You will assess the damages alone."

To this action of the Court the defendant excepted, insisting that the verdict should be accepted as rendered, and the jury discharged from the further consideration of the case.

The jury retired and on the next court day returned a second verdict in favor of the plaintiff, assessing his damages at $5.10, without more. The defendant thereupon moved the Court to ar-

rest judgment on the second verdict and pro-
nounce judgment on the first one. Both motions
were overruled and judgment entered upon the
second verdict against the defendant for $5.10
damages and all the cost of the suit. The de-
fendant appealed in error, and has assigned sev-
eral objections to the rulings and action of the
Court subsequent to the return of the first ver-
dict.

Without formally stating the different assign-
ments made, the questions raised by them will
be grouped and decided under two heads.

1. The trial Judge rightly refused to accept
and pronounce judgment upon the first verdict,
because it undertook in terms, and contrary to
law, to fix liability for cost. In that particular
it went beyond the province of the jury and to
that extent was incapable of being effectuated by
judgment. If the case had been an ordinary one,
in which the cost goes against the unsuccessful
party as a matter of law, the Court might well
have rejected that part of the verdict relating
to cost as mere surplusage and pronounced judg-
ment accordingly; but, since the case is in fact
one of an exceptional class, in which liability for
cost is not so determined, and since the verdict
as rendered may well be said to have indicated
a purpose on the part of the jury to give the
plaintiff such a recovery as would cast the whole
burden of the cost on the defendant, that course

could not properly .have been pursued. The ver-
dict in this view was obviously defective in a
material part, and being so, sound practice re-
quired that the jury should be asked to correct
it. 2 Elliott Gen. Prac., § 947; 28 Am. & Eng.
Enc. L., 365.

The case of *George* v. *Belk*, 101 Tenn., 625,
is precisely in point, and the decision there made,
though not published at the time, is direct au-
thority for the action of the Court in the pres-
ent case. It is true that in that case the defect
in the first verdict was suggested to the Court
by the plaintiff's counsel. while in this one the
Court received no such suggestion, but that dif-
ference is not material. The Court has the same
right to ask a correction of a defective verdict
on his own motion as on the suggestion of coun-
sel. The failure of counsel to suggest correction
does not cure the defect, nor require the Court
to pass it by unnoticed. Of course, it would
have been improper for the Court to indicate to
the jury that he thought the defendant should be
required to pay all the costs, but neither the
fact that he acted on his own motion nor any-
thing else appearing in the bill of exceptions
justifies the suggestion that he did so.

2. The instruction given the jury after the
return of the first verdict was inaccurate in the
statement that "unless the verdict is for more
than $5 the cost would go against the plaintiff

under the law." On that point the Court should
have said that unless the verdict should be for
as much as $5 the plaintiff could recover no
more costs than damages, the statute applicable to
the case being in the following language, viz.:
"Where the verdict in slander is under $5
the plaintiff shall recover no more costs than
damages." Shannon's Code, § 5157.

No doubt the learned Judge intended to apply
the other similar statute (Shannon's Code, § 4939),
which provides that "in civil actions founded
upon assaults, assault and battery, malicious pros-
ecution, false imprisonment, slanderous words . . .
the plaintiff recovers no more costs than damages,
unless the recovery exceed five dollars," overlook-
ing the fact that the inclusion therein of the
clause, "slanderous words," was a mere inadvert-
ence on the part of the compilers of the Code
of 1858, which was held in *Bates* v. *Sullivan,*
3 Head, 633, and in *Steffner* v. *Burton,* 87
Tenn., 135, to have been ineffective and to have
left the exclusive rule established for slander
cases by the other section quoted above, in full
force.

But this oversight and consequent inaccuracy of
the trial Judge do not constitute reversible er-
ror. At the most they could only have preju-
diced the defendant to the extent of ten cents
in the amount of damages found by the jury,
and that is so small a matter as to require the

Fox *v.* Boyd.

application of the maxim *"De minimis non curat lex."*

Moreover, the jury might as well have returned a verdict for $5.10 as for $5 if the instruction had been strictly accurate; hence, it does not appear that the error did in fact prejudice the defendant even to the extent of ten cents, and for that additional reason it is not ground for reversal.

Affirmed.