TREVATHAN v. LYNCH et al.—113 S. W. (2d) 416.

Western Section.   October 1, 1937.

Petition for Certiorari denied by Supreme Court, February 12, 1938.

Metcalf, Metcalf & Apperson, of Memphis, for plaintiff in error.

W. T. McLain and H. R. Ratcliff, both of Memphis, for defendants in error.

KETCHUM, J. These are two suits brought by Mrs. Aline Lynch and her husband, A. G. Lynch, for damages sustained as the result of a collision between an automobile in which they were riding and one owned and operated by the defendant Trevathan, at the intersection of Walker avenue and New York street, in the city of Memphis. The Lynch car belonged to the husband, but was being operated by the wife who had gone to the husband's place of business to get him and take him home. Mrs. Lynch sued for damages for personal injuries; and Mr. Lynch sued for damages to his car, for loss of his wife's services, for doctors' and hospital bills, and for personal injuries. The declarations were each in two counts; one based upon common-law negligence and the other alleging violations of certain traffic ordinances in effect in the city of Memphis. The defendant filed pleas of not guilty and contributory negligence, and in the A. G. Lynch case he filed a counter declaration, as provided in section 8745 of the Code, against both Mr. and Mrs. Lynch, claiming damages in the sum of $50 to his automobile as the result of the negligence of the plaintiffs, or cross-defendants, in the operation of the Lynch car. The plaintiffs, or cross-defendants, filed pleas of "not guilty," contributory negligence, and a violation of certain traffic ordinances as a bar to this cross-action. The cases were tried together before one jury.

From verdicts and judgments for $2,000 in favor of Mrs. Lynch, and $782 in favor of Mr. Lynch, Trevathan has appealed in error to this court.

The first question raised by the assignments of error is based upon the action of the court in declining to accept a verdict for $21.80 in favor of Trevathan in his cross-action, and in directing the jury to return a verdict in favor of the cross-defendants. The learned trial judge gave the jury an elaborate and unexceptionable charge in the

two Lynch cases, containing some 27 pages of the transcript, and fully covering all the questions involved; when he came to charge on the subject of Trevathan's cross-action, he briefly stated that if the jury found from the preponderance of the evidence that the facts were as he contended, they should find in his favor on the cross-action; but that if they accepted the theory of the plaintiffs, Mr. and Mrs. Lynch, as to the facts, they should return a verdict in their favor. He stated to the jury that it was agreed that the damage to Trevathan's car was $21.80, and that if they found in his favor on the cross-action, their verdict should be for that amount.

In closing his charge to the jury the court gave them the usual instructions as to the form of the verdict to be returned in the two Lynch cases; and then instructed them as to the form of the verdict to be returned on Trevathan's cross-action.

At the conclusion of the charge the defendant submitted certain special requests, some of which were given, and the others were refused. The court then further instructed the jury that they were trying three cases, and that they would write two verdicts on each of the two jackets. A juror asked if there should not be three jackets. The court explained that this would not be necessary, but that they should write two verdicts on each jacket; first a verdict as to the particular plaintiff, and then a verdict on the cross-declaration.

No criticism is made of the charge as given.

The jury then retired, and, after deliberating, returned a verdict for $2,000 in favor of Mrs. Lynch and $782 in favor of Mr. Lynch. The court asked the jury if those were their verdicts, and the jury replied that they were. The court then called attention to the fact that they had not returned any verdicts on the cross-declaration, and instructed them to "retire and bring in a verdict on the cross-declaration." The jury retired, and after further deliberation, returned verdicts for $21.80 in favor of Trevathan on his cross-action in each case. The original verdicts were not changed. The jury was not discharged but was excused until the following morning, at which time, after considerable discussion, the court, over the objection of defendant, peremptorily instructed the jury to return verdicts in favor of the cross-defendants in each case, on the cross-action.

The criticism of this action of the court is that the court had no right to change the verdicts returned by the jury because they were complete and unambiguous, and meant that the jury found that all parties were guilty of proximate negligence, thus barring a recovery by either from the other.

The right of the court to instruct the jury, at any time before they are discharged, to retire and amend or correct an informal or incomplete verdict is unquestioned. The general rule on the subject is stated in 27 R. C. L., title Verdict, section 64, p. 890, as follows: "It,

may be stated generally that when a jury return an informal, insensible, or repugnant verdict, or one that is not responsive to the issues submitted, they may be directed by the court to reconsider it and bring in a proper verdict; and this may be done with or without the consent of counsel, and should be done whether requested or not."

To the same effect, see 64 Corpus Juris, title Trial, sections 890, 891, pages 1089-1092; Fox v. Boyd, 104 Tenn., 357, 359, 58 S. W., 221; George v. Belk, 101 Tenn., 625, 626, 627, 49 S. W. 748.

The first verdicts returned in favor of Lynch and wife necessarily meant that the jury found that the negligence of Trevathan proximately caused the collision, and these verdicts were, of course, inconsistent with the subsequent verdicts for $21.80 in favor of Trevathan on his cross-action. It is argued by plaintiff in error that the latter verdicts are as conclusive as the former, and necessarily mean that all parties were guilty of proximate negligence. But this cannot be true for the reason that if they had all been guilty of negligence proximately causing the accident, the jury could not have returned verdicts in favor of any of the parties as plaintiffs.

The crucial question is whether all the verdicts must be set aside because the verdicts on the cross-action are inconsistent with the original verdicts in the main cases. The original verdicts are admittedly the verdicts of the jury, and are supported by the record. Their correctness is in no way challenged, except upon the ground that they cannot be reconciled with the verdicts on the cross-action. They cannot be reconciled with any verdict on the cross-action, except one in favor of the cross-defendants, and the court might well have so held and directed the jury to find for the cross-defendants, without sending the jury back to bring in a verdict on the cross-action. He might even have properly instructed the jury in the original charge that if they found in favor of the plaintiffs Lynch and wife, they would have to return verdicts in favor of cross-defendants, in the cross-action. As a matter of fact, as appears from the affidavits of the twelve jurors, they construed the instruction of the court, "to retire and bring in a verdict on the cross-declaration," to be an instruction to bring in a verdict for Trevathan for $21.80; this being the agreed amount of the damage to Trevathan's car.

But it is unnecessary to consider the affidavits of the jurors, because it was proper for the court to direct the jury to return verdicts for the cross-defendants if they found in favor of Lynch and wife in the main cases. The assignments of error complaining of the action of the court in respect to this matter are overruled.

The tenth assignment is based upon the action of the court in premitting the filing of the affidavits of the jurors. This was not error prejudicial to the plaintiff in error. The jury having found by their original verdicts that the collision was proximately caused by Tre-

vathan's negligence, the court was warranted in directing the verdicts in favor of the cross-defendants; the filing of the affidavits was unnecessary and did not affect the result.

Assignment overruled.

The remaining assignments allege error in the refusal of certain special instructions requested by the plaintiff in error.

The first of these is an instruction that since Mrs. Lynch was driving her husband's car about his business, her negligence would be imputed to him. This instruction was amply covered in the court's charge on the subject of contributory negligence, and it was not error to refuse the request.

Assignment overruled.

The next of these special requests was for an instruction to the effect that the unexplained failure of Lynch and wife to call as a witness their ten year old daughter, who was with them in the car at the time of the accident, and who had testified on a former trial, raised a presumption that her testimony would have been damaging to them. It was not error to refuse this instruction because it was not shown that the daughter was available as a witness, or that her testimony could not have been purely cumulative. The presumption which arises from the failure of a party to produce a material witness who is available, therefore, does not arise. 22 Corpus Juris, Title Evidence, section 56, p. 115; City of Lawrenceburg v. Maryland Casualty Co., 16 Tenn. App., 238, 247, 64 S. W. (2d), 69.

Assignment overruled.

Complaint is also made of the refusal of an instruction that if the jury could not reconcile the facts, and could not determine in their own minds which driver caused the accident, they should return a verdict in favor of the defendant Trevathan. The jury were able to reconcile the facts, and to determine in their own minds which driver caused the accident, without the aid of this instruction, so it was not reversible error to refuse it.

Assignment overruled.

This disposes of all the assignments of error. Finding no error in the judgment of the trial court, it is affirmed at the cost of the plaintiff in error.

Affirmed.

Senter, J., and Moss, Sp. J., concur.