RINGWALD *v*. BEENE.

(*Nashville,* December Term, 1935.)

Opinion filed April 4, 1936.

C. C. JACKSON and DEMENT & HARGIS, all of Murfreesboro, for plaintiff in error.

HOLLOWAY & HOLLOWAY, of Murfreesboro, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by Mrs. Jack Beene to recover damages for injuries to her person and to her automobile growing out of a collision between that vehicle and an automobile belonging to H. A. Ringwald.

There was a judgment for the plaintiff below for $1,750 for personal injuries and for $125 for injuries to her car. The Court of Appeals was of opinion that defendant's motion for a directed verdict should have been sustained and reversed the judgment below and dismissed the suit. Both parties filed petitions for *certiorari,* which we have granted.

The plaintiff was a school teacher living at Jasper. She was on her way to Murfreesboro to attend a session of the Normal School there. The car in which she was traveling belonged to her. Her husband was driving the car and she sat on the front seat with him. She was bringing two other young women to Murfreesboro and they sat on the rear seat. The sole purpose of the trip was to bring Mrs. Beene to Murfreesboro to attend school.

The accident happened about four or five miles east of Murfreesboro on the state highway. Defendant Ringwald was driving east into Murfreesboro when he met the postman. Ringwald stopped his car in order to get out and get his mail. The postman, after passing Ringwald, stopped his car a short distance in the rear of Ringwald's car.

At this time Mrs. Beene's car, traveling east toward Murfreesboro, driven by her husband as aforesaid, approached Ringwald's car from the rear. Mrs. Beene, her husband, and the occupants of her car testified that Ringwald stopped his car on the paved portion of the highway, failing to pull off on the shoulder. These witnesses said that Beene was driving at a moderate rate of speed and, when within thirty or forty feet of Ringwald's car, Beene pulled out to the left to pass that car. That as Beene was pulling out to the left, a car came over the brow of a hill meeting the Beene car, at a rapid rate of speed. That Ringwald had stopped his car so that there was not sufficient space for the Beene car to pass to the left of the Ringwald car, between that car and the oncoming car, and that to avoid a headon collision with the approaching car, Beene pulled back to his right. Beene was unable to stop the car he was driving, the pavement being wet, before that car collided with the rear of the Ringwald car. As a result of this collision there is no doubt but that Mrs. Beene was seriously injured and her automobile damaged to the extent indicated by the verdict.

The negligence alleged on the part of defendant Ringwald is that he stopped his car on the highway in violation of Code, section 2690 (a):

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle shall be obtained from a distance of two hundred feet in each direction upon such highway."

Evidence introduced by the plaintiff below tended to show that defendant Ringwald had violated this section of the Code in two particulars: First, that he stopped his car so as not to leave a clear and unobstructed width of fifteen feet upon the main traveled portion of the highway opposite his vehicle; and, second, that he stopped his car at a point where there was not a clear view of such vehicle from the east of as much as two hundred feet. Plaintiff's proof indicated that from the point at which the Ringwald car was stopped toward the top of the hill to the east was about one hundred and twenty feet.

Evidence introduced on behalf of the defendant tended to show that Ringwald had not stopped his car as plaintiff's witnesses said; that his car was parked so as to leave fully fifteen feet on the paved portion of the highway opposite his vehicle. Ringwald's proof was moreover to the effect that his car was stopped more

than three hundred feet from the top of the hill toward the east, and that the view from his car in either direction was unobstructed for a distance of more than three hundred feet.

This conflict in the testimony was settled by the verdict of the jury, as the Court of Appeals properly held. Several questions, however, remain to be determined, although we accept the story of the accident as related by plaintiff's witnesses. It is said for the defendant Ringwald, even if it be conceded that he was guilty of negligence in stopping his car as plaintiff contends, nevertheless plaintiff and the driver of her car were guilty of such contributory negligence as to bar any recovery on her behalf. The defendant relies on Code, section 2686 (a) and (b):

"(a) The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety.

"(b) The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction upon the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed within a distance of three hundred feet."

The argument is further made that the car belonging to Mrs. Beene, and she, being present and entitled to control its operation, must be charged with any negligence of her driver even though that driver chanced to be her husband.

Ordinarily a man's wife riding in his car with him, he driving, is not presumed to have any control of

the driving or any authority to direct the driving. Under such circumstances she is treated as a passenger in the car and her husband's negligence cannot be imputed to her. *Knoxville Railway & Light Co.* v. *Vangilder,* 132 Tenn., 487, 178 S. W., 1117, L. R. A., 1916A, 1111; *Nashville, C. & St. L. Ry.* v. *White,* 158 Tenn., 407, 15 S. W. (2d), 1.

In a few cases in other jurisdictions it has been held that when the car belongs to the wife and her husband is doing the driving, although she is the owner of the vehicle and present, the husband's negligence will not be imputed to her. *Virginia Railway & Power Co.* v. *Gorsuch,* 120 Va., 655, 91 S. E., 632, Ann. Cas., 1918B, 838; *Southern R. Co.* v. *Priester* (C. C. A.), 289 F., 945; *Rodgers* v. *Saxton,* 305 Pa., 479, 158 A., 166, 80 A. L. R., 280. These cases refer to and follow *Hartley* v. *Miller,* 165 Mich, 115, 130 N. W., 336, 33 L. R. A. (N. S.), 81, although the latter was not a case in which a husband and wife figured.

All of these decisions are based on the theory that a bailment of the car existed at the time of the accident. That the owner of an automobile may lend it to another, and an automobile not being a dangerous agency, the owner is not responsible for the negligence of the borrower in the operation of the car. The circumstance that the owner happens to be present at the time of the bailee's negligence does not alter the rule, the car being controlled by the bailee and being used for the bailee's ends.

In none of the cases just mentioned were the facts similar to those here appearing. The Beene car not only belonged to the wife, but was being used at the time exclusively for her individual purposes. She

was a school teacher and was on her way to Murfreesboro to pursue studies in furtherance of her occupation. Her husband testified that she used the car as she pleased and could have directed him to go wherever she pleased. We do not see that the husband, driving this car on this mission, occupied a position different from that of any other driver whose services the wife might have secured. It was her car, her trip, and her driver. She was in control of the situation, and we think any negligence of her driver must be imputed to her. Thus far we agree with the Court of Appeals.

We do not agree with the Court of Appeals, however, in concluding that Beene was guilty of such contributory negligence as required a directed verdict against the plaintiff herein.

The Court of Appeals assumed in its opinion that the Ringwald car was stopped one hundred and twenty feet from the brow of the hill. The evidence is in conflict as to the point at which the car was stopped. Ringwald and his witnesses say it was stopped more than three hundred feet from the brow of the hill.

If the plaintiff's case depended alone on the proposition that Ringwald had stopped his car less than two hundred feet from the top of the hill, it might be said that Mrs. Beene was bound by the allegation in her declaration to that effect. Plaintiff's case, however, has another basis in the charge that Ringwald stopped his car so as not to leave fifteen feet of clear space on the traveled portion of the highway opposite his vehicle.

If Ringwald did stop his car one hundred and twenty feet from the top of the hill, nevertheless we do not think that subsection (b) of Code section 2686 absolutely applies. That provision is that the driver

of a vehicle "shall not overtake and pass another vehicle proceeding in the same direction  .  .  .  where the driver's view along the highway is obstructed within a distance of three hundred feet." This contemplates the passing of a moving vehicle. "Overtake" means "to come or catch up with in a course of motion." Webster's New International Dictionary, Second Edition. The statute moreover refers to the passing of a "vehicle proceeding." Passing a standing vehicle was not within the purview of this provision.

It takes more time and more distance, of course, to pass a vehicle moving in the same direction as the passing car than it would for the same car to pass a stationary vehicle. As a practical proposition, we know that heavily loaded vehicles often give out near the brow of a hill, being unable to make the grade. If every car were held absolutely forbidden from passing vehicles so stalled, traffic would be unreasonably obstructed. Certainly one should not attempt to pass a stationary vehicle located near the top of a hill without taking some precautions to see that the effort could be made safely. Just what should be done in the exercise of ordinary care by the driver undertaking to pass will depend on the circumstances of each case, and we think in each case like this it should be left to the jury to say whether such a driver has exercised due care or has been guilty of negligence.

If Ringwald stopped his car on the pavement so as not to leave a clearance of fifteen feet on his left "upon the main traveled portion of the highway," he was guilty of negligence under the statute, whether he stopped two hundred feet or a less distance from the top of a hill that obstructed the view. Whether Beene was guilty of

negligence in passing Ringwald was a question for the jury in either event. Since we think (a) and (b) of Code section 2686 relate to the passing of a moving vehicle, the question of Beene's proximate contributory negligence should be submitted under the common law.

We are of opinion, therefore, that the judgment of the Court of Appeals should be modified and the cause remanded for another trial and not dismissed. A new trial seems necessary. The circuit judge left it to the jury to say whether negligence of her husband should have been imputed to Mrs. Beene. The jury might have thought the husband negligent and still allowed a recovery. In our view of the case a recovery cannot be allowed unless the husband be acquitted by the jury of proximate contributory negligence.

Other questions in the case are satisfactorily disposed of in the opinion of the Court of Appeals.