ANGEL *v.* McCLEAN.

(*Jackson,* April Term, 1938.)

Opinion filed May 27, 1938.

CANALE, GLANKLER, LOCH & LITTLE, and ANDREW O. HOLMES, all of Memphis, for plaintiff in error, Mrs. Angel.

CHANDLER, SHEPHERD, OWEN & HEISKELL, of Memphis, for defendant in error, Mrs. McClean.

WINCHESTER and BEARMAN, of Memphis, for defendant, Memphis Steam Laundry Co.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Mr. and Mrs. McClean instituted separate suits against Mrs. Angel to recover damages for injuries received in an automobile collision. The two cases were consolidated and heard together. The jury found in favor of Mrs. McClean in the sum of $1500, but against Mr. McClean, and the latter did not appeal. The Court of Appeals affirmed the judgment in favor of Mrs. McClean, and the petition of Mrs. Angel for writ of *certiorari* has heretofore been granted and argument heard. It seems to be conceded that the suit of Mr. McClean was dismissed because his negligence contributed to Mrs. McClean's injury. The question upon which the case was disposed of in the Court of Appeals, and which has been very ably presented in this court, is whether the negligence of Mr. McClean is imputable to his wife so as to bar a recovery by her against Mrs. Angel.

The McClean automobile was owned by the wife and registered in her name. On the morning of the day that the accident occurred Mr. McClean had used the car in going to his work on Main Street and returning to his home for his midday meal. After lunch both Mr. and

Mrs. McClean entered the car, occupying the front seat, for the purpose of going to the business section of the city. Mr. McClean was driving. Mrs. McClean, upon arriving at the store where her husband worked, was to take charge of the car, park it, and then walk to the office of her physician for treatment. While en route to the business section of the city the accident occurred.

This case is governed by the rule applied in *Ringwald v. Beene,* 170 Tenn., 116, 92 S. W. (2d), 411, the only difference being that in that case the car owned by the wife was being driven by the husband for the exclusive benefit of the wife; while in the case on trial the car was being used for the common or joint use of the husband and wife. In the case just referred to it was said (page 122): "We do not see that the husband, driving this car on this mission, occupied a position different from that of any other driver whose services the wife might have secured. It was her car, her trip, and her driver." In the present case, it was the wife's car, her trip, and her driver. The fact that it was also being used for the benefit of the husband cannot affect the result. The liability seems to hinge upon the right to control.

In *Turnpike Co. v. Yates,* 108 Tenn., 428, 440, 67 S. W., 69, 72, this court quoted approvingly from A. & E. Ency. Law, vol. 7, p. 448, as follows:

"The true principle seems to be that, when a person is injured by the negligence of the defendant and the contributory negligence of one with whom the injured person is riding as a guest or companion, such negligence is not imputable to the injured person; while, on the other hand, it may be imputable when the injured person is in a position to exercise authority or control over the driver."

In *Guy* v. *Union St. Ry. Co.*, 289 Mass., 225, 193 N. E., 740, the Supreme Court of Massachusetts said (page 742): "It is not necessary that there be an actual control by the owner to make the operator a servant or agent of the owner, it being sufficient that there is a right to control." In that case the husband was to drive the wife in her car to visit her sister, and then use the car in his own business. While en route to the home of the wife's sister the accident occurred. The court held the husband's negligence was imputable to the wife, barring her recovery against the defendant.

In *Gochee* v. *Wagner*, 257 N. Y., 344, 178 N. E., 553, the Court of Appeals of New York held that the wife's negligence must be imputed to the husband where the wife driving the automobile with permission of the husband had taken her mother to the city, and on the way home stopped at the husband's father's house, where the husband got into the car and sat on the rear seat, intending to ride to his home, at which time he regained dominion over the car, in that he was present and had the legal right to control its operation.

In *Challinor* v. *Axton*, 246 Ky., 76, 54 S. W. (2d), 600, the facts were that the husband was driving his wife and children home from town, in the wife's car when the accident occurred. In holding that the wife could not recover against defendant, the court said (page 603): "It was being driven by her husband with her consent and acquiescence on a mission as much for the benefit of herself as it was for him or any member of the family; and, independently of any 'family purpose' doctrine, we have no hesitancy in concluding under such facts that plaintiff was and is responsible for the negligence of her husband as driver of her automobile."

*Wilcott* v. *Ley,* 205 Wis., 155, 236 N. W., 593, was a suit by the husband against the defendant for injuries received in an accident when the wife was driving his car from a dance to their home. The court held that the wife's negligence was imputable to the husband, barring his recovery.

In *Terry* v. *Smylie,* 161 Miss., 31, 133 So., 662, it appears that the driver of the automobile at the time of the collision was operating same at the request of the owner, who was his brother, for the pleasure of both. The court held that the negligence of the driver was imputed to the owner.

The Supreme Court of Alabama, in *Kelly* v. *Hanwick,* 228 Ala., 336, 153 So., 269, approved the following charge (page 274):

"The Court charges the jury that while the fact that the automobile belonged to Mrs. Kelly is not sufficient by itself to make her responsible for the act of Mr. Kelly in driving the car, the fact that Mrs. Kelly authorized Mr. Kelly to drive her car, in which she was then riding, is sufficient to make her responsible for his negligent acts in the operation of said automobile."

In Restatement of the Law of Torts, vol. 2, p. 1270, it is said: "A husband may be the servant of his wife. If so, his contributory negligence bars the wife's recovery under the rule stated in section 486. So too, they may be engaged in a joint enterprise, in which case the rule stated in section 491 bars the wife's recovery."

Section 491 is as follows:

"Any one of several persons engaged in an enterprise is barred from recovery against a negligent defendant by the contributory negligence of any other of them if the enterprise is so far joint that each member of the

group is responsible to third persons injured by the negligence of a fellow member.''

In comment ''h'' under this paragraph, when plaintiff owns the vehicle, it is said: ''if the purpose of the journey is for the benefit of the owner, even though it is also for the benefit of him who is permitted to drive, the owner may under the principles of the law of Agency be regarded as the master of the driver even though no wages or reward other than the participation in the drive is paid to him.''

The Supreme Court of Pennsylvania, in *Rodgers* v. *Saxton,* 305 Pa., 479, 158 A., 166, 80 A. L. R., 280, has taken a contrary view, two of the members dissenting. We believe, however, that the weight of authority, as well as the underlying principle of control, upon which the majority rule is based, sustains the view that the negligence of the husband must be imputed to the wife in such circumstances as this record presents. In this State the wife is no longer under the duress of her husband, and has been completely emancipated from the disability of coverature. *Morton* v. *State,* 141 Tenn., 357, 209 S. W., 644, 4 A. L. R., 264.

The relationship of bailor and bailee has no application in the facts of this case. While the husband had used the car that morning, the wife at the time of the accident had, in the language of the Court of Appeals of New York, ''regained dominion over car, in that [she] was present and had legal right to control its operation.''

Upon this question the Court of Appeals of Kentucky, in *Challinor* v. *Axton, supra,* stated that there are some cases which appear to sustain the position of plaintiff's counsel ''upon the fantastic theory that, for the time being and under the circumstances similar to those in this

case, the husband is the bailee of his wife's automobile, and for which reason she should not be responsible for his negligence. But the reasoning employed in those cases is not convincing, and is not in accord with fundamental principles of the law and logical conclusions to be drawn therefrom. There is no more reason for holding that the husband in such circumstances is the bailee of the automobile, and the owner his wife the bailor, than to so conclude when a stranger is driving the car of the owner in company with and by the consent and acquiescence of the owner. Clearly, in such a case the owner (which is the wife in this case) by her consent and acquiescence selected her husband as a suitable person to, not only operate her car for her own purpose, but also to guard and protect her personal safety while traveling in her car with him as driver, and since the negligence of a stranger as her agreed chauffeur would be imputed to her, we conclude that the same principles should apply when her selected chauffeur is her husband.''

We have reached the conclusion that under the uncontroverted facts of this case the contributory negligence of Mr. McClean, as a matter of law, must be imputed to Mrs. McClean, so as to preclude any recovery by her against Mrs. Angel; and the trial court should have so charged the jury, as requested by counsel for Mrs. Angel. For this error, the judgments of the Court of Appeals and the Circuit Court are reversed and the case remanded for a new trial.