MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE, v. WALDEN.

4-7376                                   181 S. W. 2d 24

Opinion delivered June 12, 1944.

438

*Thos. B. Pryor, Sr.,* and *John L. Daggett,* for appellant.

*Marvin B. Norfleet,* for appellee.

SMITH, J. This litigation arose out of a collision which occurred May 31, 1943, between an automobile, in which the plaintiff was riding, and one of the defendant's trains, at the point where the railroad tracks crossed North Front Street in the city of Forrest City.

There was a verdict and judgment for plaintiff for the sum of $2,300, from which is this appeal.

Plaintiff stopped his automobile as he approached the railroad track, but he did so at a point where his vision was obstructed by a building, which will be referred to as the Vaccaro Building. The testimony is undisputed that as plaintiff approached the track the range of his view of the track was enlarged, and had he stopped at a point 25 feet east of the intersection of the street and the railroad track, he would have had an unobstructed view of the approaching train for a distance of 840 feet, before it reached the intersection. Plaintiff had lived in Forrest City for 26 years, and was thoroughly familiar with the surroundings and the location of the Vaccaro Building which obstructed his vision. Plaintiff was driving east on North Front Street, and the train which struck his automobile was traveling south. Although plaintiff stopped his car before driving upon the track, it is undisputed that he did so at a point where this precaution was not effective. Plaintiff placed the point at which he stopped 35 feet from the track, but the presence of the Vaccaro Building, and its proximity to the railroad track, was such that he was afforded from that point a view of only a few feet of the railroad track.

Ordinary care would have suggested to one familiar with the locality, as the undisputed testimony shows

plaintiff to have been, that the precaution of stopping and looking should have been taken at a point where that action would have been effective. Had he done so he would have known by either looking or listening that a train was approaching.

The judgment will not, however, be reversed on that account, for the reason that there was testimony legally sufficient to support the finding that the Railroad Company was also negligent, in that warning of the train's approach to the crossing was not given by ringing the bell, or blowing the whistle of the engine, while the train approached the crossing, as the law required. The testimony was conflicting as to whether these signals, or either of them, were given. There was undisputed testimony that the whistle was blown, but the jury was warranted in finding that this signal was given, not for the Front Street crossing, but before reaching the Jackson Street crossing, a distance of considerably more than 80 rods from the crossing where the collision occurred.

In the opinion of the trial court the case made was one calling for the application of what is known as the comparative negligence doctrine, and upon that theory, and upon the authority of § 1213, Pope's Digest, the court gave an instruction reading as follows:

"Contributory negligence of the plaintiff is a complete bar to his right of recovery in this action, provided you should find from the testimony that such contributory negligence was equal to, or greater than, the negligence, if any, of the railroad company. If, however, you should find from the testimony that the railroad company was negligent and that the plaintiff was negligent, but that the negligence of the plaintiff was less than the negligence of the railroad company, your verdict should be for plaintiff. In this event, however, it would become your duty to diminish the damages recoverable by plaintiff in that proportion which his negligence bears to the negligence of the railroad company. In other words, this is the comparative negligence doctrine of the State of Arkansas, and simply means that you should

compare the negligence of plaintiff and defendant. As heretofore stated, if the negligence of the plaintiff is equal to or greater than the negligence of the defendant, then plaintiff cannot recover. But, if the negligence of the plaintiff contributed to his injuries, but was less in degree than the negligence of the railroad company, then the amount of damages recoverable by him should be reduced by that extent to which his negligence compares with the negligence of the defendant."

The correctness of this instruction is not challenged, and we think the testimony warranted the court in giving it. Plaintiff sustained very serious and painful injuries, the nature and extent of which are not abstracted by appellant, and no contention is made that the judgment is excessive. The testimony would sustain a much larger verdict than the one recovered, but the jury no doubt found both plaintiff and defendant were negligent and reduced the damages as directed in the instruction above copied. We are unable to say that the testimony did not warrant the submission of the case to the jury upon this theory, and the judgment must, therefore, be affirmed, and it is so ordered.