SEDIVI et al. v. BAILEY (two cases).—

223 S. W. (2d) 199.

Middle Section.   July 30, 1949.

Petition for Certiorari denied by Supreme Court, October 7, 1949.

550

. Thos. O. H. Smith, of Nashville, for plaintiffs in error.

E. D. Jackson, Jr., and H. T. Finley, both of Nashville, for defendant in error.

HOWELL, J. These two cases tried together are damage suits filed by J. Mansfield Bailey and wife Mrs. Ethel Bailey against Nick Sedivi, the owner of the delivery truck involved, and Thomas Henry an employee of Sedivi and the driver of the truck, the suits growing out of a collision between the car in which plaintiffs were riding and the truck of the defendant which occurred at the intersection of two streets in Davidson County, outside the corporate limits of Nashville.

Upon the trial in the Circuit Court before the Court and a jury there were verdicts for the plaintiff J. Mansfield Bailey for $1,874.60 which was reduced by the trial Judge to $1,424.60, and for Mrs. Ethel Bailey for $3,500.00 reduced by the trial Judge to $3,000.00. Judgments were entered against both defendants.

The defendants have by proper procedure appealed in error to this Court and have assigned errors.

It is insisted for the defendants that there is no evidence to support the verdicts. An examination of

the record discloses that there was ample evidence upon which the jury could have found as a fact that the plaintiffs were proceeding along McChesney Avenue in a 1946 Dodge Coupe in a Westerly direction and when approaching the intersection of McChesney Avenue and Oxford Avenue, the speed of plaintiffs' car was reduced to 10 to 15 miles per hour, that the plaintiff J. Mansfield Bailey who was driving the Dodge car looked to his right and to his left on Oxford Avenue and seeing no car approaching entered the intersection, that when the plaintiffs' car reached the center of the intersection he then saw the truck owned by the defendant Sedivi and driven by his employee, the defendant Henry, approach fast from his right and down a grade, that plaintiff tried to avoid the truck without success, and his car was struck by the truck on its right door and rear part of its body and that the force of the collision was such as to knock or push the Dodge sideways and across the intersection about 35 feet into the yard of a residence on the corner, turning the Dodge over on its side and causing the injuries to both plaintiffs and the damage to the car. The driver of the defendant's truck testified that he was proceeding south on Oxford Avenue after making a delivery for his employer and was going down grade towards McChesney Avenue, feeding gas to the motor of the truck while descending the hill and when he saw plaintiffs' car he continued on, did not attempt to stop or apply his brakes. There was testimony by other witnesses which corroborated the testimony of the plaintiff and also indicated that this defendant Henry, the driver of defendant's truck, was not a careful driver. Without discussing the testimony in any more detail we are satisfied that there was ample evidence upon which the jury based its verdict.

■ It is assigned as error that the Court erred in not charging defendants Special Request No. 2 as follows: "Gentlemen of the jury, I further charge you that if a driver is put into a sudden emergency by the negligence of another driver, requiring immediate and sudden decision, and he does not do the wisest or best thing, that he is not accountable for what happens, provided he is not guilty of negligence, and if you find that the defendant was put in such an emergency then your verdict should be for the defendant in both of plaintiffs' cases."

The sudden emergency rule is not applicable to the facts of this case. The testimony of the defendant Henry is that he did not slow down when approaching the intersection and that he did nothing whatever when the emergency developed, did not put on his brakes or make any effort to avoid the collision.

The fifth assignment of error inaccurately copies one sentence from a paragraph of the charge and assigns this as error. When taken with the entire charge we find no reversible error. The law as to the rights of the wife while riding in a car driven by the husband is discussed in the case of Ringwald v. Beene, 170 Tenn. 116, 92 S. W. (2d) 411, 412, where Chief Justice Green said: "Ordinarily a man's wife riding in his car with him, he driving, is not presumed to have any control of the driving or any authority to direct the driving. Under such circumstances she is treated as a passenger in the car and her husband's negligence cannot be imputed to her. Knoxville Railway & Light Co. v. Vangilder, 132 Tenn. 487, 178 S. W. 1117, L. R. A. 1916A, 1111; Nashville C. & St. L. Ry. v. White, 158 Tenn. 407, 15 S. W. (2d) 1."

It is assigned as error that the verdicts of the jury after the remittiturs are excessive.

The amount of a verdict is primarily for the jury to determine, subject to approval of the trial Judge. They saw and heard the witnesses testify and the trial Judge reduced the verdicts. Considering the injuries sustained and the expenses incident to the accident we cannot say that the verdicts are excessive.

The assignments of error are overruled and the judgments of the Circuit Court are affirmed.

The defendants will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.