## HANZY HORNE et al. v. FARLEY L. PALMER, JR.
## —274 S. W. (2d) 372.

Eastern Section.   August 13, 1954.

Petition for Certiorari denied by Supreme Court, November 16, 1954.

Wilson & Worley, of Kingsport, for plaintiffs in error.

Penn, Hunter, Smith & Davis and M. Lacy West, all of Kingsport, for defendant in error.

McAMIS, P. J. These two cases are the result of a collision between the automobile of plaintiff W. R. Horne driven by his son, the plaintiff Hanzy Horne, 18 years of age, and a pick-up truck owned and operated by defendant and cross plaintiff Farley L. Palmer, Jr. The cases were tried together before the Court and a jury and resulted in the following verdicts:

Hanzy Horne by nfd. v. Palmer, $75.00

W. R. Horne v. Palmer, $75.00

Farley L. Palmer, Jr. v. Hanzy Horne, cross action dismissed.

Plaintiffs' motions for a new trial were overruled and they have appealed insisting that the verdicts are in-

consistent and so grossly inadequate as to indicate either passion, prejudice and caprice on the part of the jury or that they are compromise verdicts. It is also insisted that the Court erred in charging the jury that the statutory speed limit of 30 miles per hour in business or residential districts would prevail over a speed limit of 45 miles per hour established by signs put up by the Tennessee Department of Safety.

The injuries sustained by Hanzy Horne consisted of an injured hip which caused him considerable pain, but no disability, cuts and lacerations about the face and head which left a scar on the forehead practically concealed by a wrinkle. He also sustained a rather serious break or fracture of the arch of the right foot which was still swollen and causing pain and inability to work three months after the accident. His father, in addition to loss of the services of the son who worked for him on the farm, incurred doctor's and hospital bills of approximately $136 and damage to his car of $1,428.55.

Since it is conceded in the reply brief that the jury found that the negligence of Palmer was a proximate cause of the collision and we are not asked to review that finding, it is unnecessary to dwell at length on the facts. The collision occurred at the intersection of Millye Street and U. S. Highway 23 leading from Johnson City to Kingsport, in a business or residential district in the suburbs of Kingsport. Defendant Palmer approached the highway from the east on Millye Street and stopped at a stop sign. He says he saw the lights of the Horne car approaching from the direction of Johnson City (which was on his left) at a distance of about 600 feet and judged its speed to be moderate; that he then pulled out from the stop sign and had completed the turn when

his truck was struck from the rear and knocked off the highway.

Plaintiff Hanzy Horne testified that he was travelling at about 45 miles per hour when the Palmer truck pulled out in front of him too close for him to stop. From the foregoing we think there is permissible an inference that Horne was guilty either of proximate or remote negligence. The finding of some amount, small though it is, in his favor negatives a finding of proximate negligence, leaving remote negligence as the only possible jury finding against the Hornes.

To understand the insistence of the plaintiffs that the verdicts are inconsistent and are compromise verdicts, it is necessary to quote at some length the remarks of the Court and jury when the jury returned to report its verdict:

"The Court: How do you find?

"The Foreman: Let Mr. Palmer pay the doctor bill and the hospital bill.

"The Court: You find for Hanzy Horne? What about Hanzy Horne?

"The Foreman: Well we just forgot about that.

"The Court: You can't forget about that.

"The Foreman: Can't we?

"The Court: You found for W. R. Horne, that is the father.

"The Foreman: No, just have the boy * * * let Mr. Palmer pay for the hospital bill and the doctor bill.

"The Court: Mr. W. R. Horne is the one who sues for the doctor and hospital bill.

"The Foreman: Well just change that."

After the Court appropriately charged the jury to

return separate verdicts in the cases, the jury retired and after further deliberations offered to return verdicts dismissing the suit of the son and the cross action of Palmer and awarding $136, representing hospital and doctor's bills, in favor of W. R. Horne. The Court properly declined to accept the verdicts as inconsistent and after further instructions from the Court the jury retired and thereafter returned the final verdicts of $75 in favor of each of the Hornes and dismissing the cross action.

It is obvious from the foregoing that the jury was confused and, despite the diligent efforts of the Court, we think they either remained confused or set out to compromise the cases. Though wishing to dismiss the suit of Hanzy Horne, the jury apparently decided to deduct $75 from the hospital and doctor's bills and award that amount to Hanzy Horne so that the verdict in that case would not be inconsistent with a verdict in favor of the father.

In view of all that transpired in connection with the return of the verdicts, it would be going rather far to hold that the jury returned a verdict for only $75 in favor of Hanzy Horne because of remote contributory negligence. If so, however, it would seem that the father's suit for medical bills, apparently his only claim of damage considered by the jury, would be proportionately reduced. If we go on the assumption that the jury proportionately reduced both claims, we must necessarily conclude that the jury found that aside from any contributory negligence on his part Hanzy Horne's claim for pain and suffering would warrant a recovery of $136, for the verdict in each of the two suits is the same and $136 seems to be what the jury had in mind to allow as

medical bills. We think it must be said that a jury could not rationally fix Hanzy Horne's damages at the small amount of $136 and we must conclude that in the Hanzy Horne case the verdict of the jury is either a compromise or the result of caprice since there is no rational basis for such a verdict.

In the W. R. Horne case it seems to us the verdict is even more irrational. There is nothing to show that Hanzy Horne was anything more than a bailee. His suit for damage to his car is, therefore, independent of any right accruing to Hanzy Horne, the driver, by reason of what the jury found to be the proximate negligence of Palmer. In addition to $1,428.55 which he spent to repair his car, he incurred medical bills of nearly twice the amount of the verdict as well as loss of services of his son. For all of this the jury awarded $75.

We think this is a stronger case for reversal and a new trial than Grant Co. v. Tanner, 170 Tenn. 451, 95 S. W. (2d) 926, 928, where the court said that if the smallness of the verdict indicated doubt in the minds of the jury as to the defendant's liability, the case should be reversed and remanded for a new trial. In the opinion in that case, Chief Justice Green said:

"It is quite generally held in other jurisdictions that if from the inadequacy of damages awarded, in view of the evidence, or the conflict of evidence upon the question of liability, or from other circumstances, plain inference may be drawn that the verdict is the result of a compromise, a new trial should be ordered upon all issues." (Citing cases.)

In these cases, in addition to the smallness of the verdicts, the record shows affirmatively that the jury was confused and the questions and remarks of the jury

suggest that the only purpose in rendering a verdict in favor of Hanzy Horne was to make the verdict in that case consistent with a verdict for $75 in favor of W. R. Horne and yet not substantially exceed in both cases the hospital and doctor's bills. Yet, the trial court and this court cannot be sure what the jury intended. To review a verdict in such a situation presents a difficult problem and one which cannot be satisfactorily solved. We think justice can only be done by reversing and remanding both cases for a new trial.

Since the question may recur, it seems proper to determine whether the Court correctly charged the jury on the question of speed where a highway sign permits a speed in excess of the statutory 30 miles speed limit in business and residential districts.

Section 2700.2, 1950 Code supplement, provides that any person driving in excess of 30 miles in a business or residential district or in excess of the speed fixed by the Department of Safety for congested areas or dangerous places on the highway shall be prima facie guilty of reckless driving. The language of (b) Fourth dealing with speed fixed by the Department is:

"Fourth: Such speed as shall be fixed by the department of safety or the legislative authority of cities and towns for congested areas or at dangerous points on the highways, which areas or points are clearly indicated by markers or signs."

We think the learned trial judge correctly charged the jury. The statute provides for two distinct situations. The first is in business or residential districts which are clearly defined under the preceding Code Section. For these districts the speed limit is fixed at 30 miles per hour. The second is in "congested areas or at dangerous

points on the highways''. Such places, so far as appears, may be within business and residential districts. If within, the Department of Safety could fix a speed limit of less than 30 miles per hour by posting markers or signs. It could not validly allow a speed in excess of the limit fixed by the statute itself for such districts.

If the Legislature had intended to confer upon the Department the power to increase the speed limit within business and residential districts we assume it would have so provided while it was dealing with the subject of speed in such districts under (b) Second and Third. This it failed to do and we can find no basis for implying such power from any language in the Act.

For the reasons indicated the judgments must be reversed and the cases remanded for a new trial. Costs of appeal will be taxed to defendant in error and costs below left to abide the final result.

Hale and Howard, JJ., concur.