Southern Railway Company, Plaintiff in Error,

*v.*

Jack Butts, Defendant in Error.

379 S.W.2d 794.

(*Knoxville,* September Term, 1963.)

Opinion filed June 4, 1964.

Key & Lee, Knoxville, for plaintiff in error.

John P. Davis, Jr., Hodges, Doughty & Carson, Joseph B. Yancey, Warren Butler, Yancey & Butler, Knoxville, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

We have granted certiorari to review the action of the Court of Appeals in remanding this case for a new trial instead of dismissing the same as contended for by the plaintiff in error.

The principal question involved before that court was whether the doctrine of imputed negligence applies to bar the action of the defendant in error for the negligence of his wife in driving his station wagon in which he was

riding upon defendant's tracks where it was struck by one of its trains.

On the date of the accident at the end of her day of employment, Mrs. Butts drove her husband's station wagon to their home for the purpose of starting the evening meal. After doing this she and her two sons, aged four and eight, went in the station wagon to the place of employment of Mr. Butts to pick him up and take him home. Mrs. Butts continued to drive on the return trip home with Mr. Butts riding on the front seat beside her and the two sons in the rear of the station wagon. All of them were injured when their station wagon was struck by a freight train belonging to the defendant at the crossing of the railroad tracks over Morrell Road in Knox County.

The Court of Appeals held that the trial court was in error in failing to charge the special request submitted by the defendant Railroad Company, to-wit:

"I further charge you that since Mr. Butts owned and was present in the station wagon being driven by his wife, any negligence on the part of Mrs. Butts was imputable in law to Mr. Butts, and if such negligence on the part of Mrs. Butts was a proximate cause, or one of the proximate causes of the accident, neither Mr. nor Mrs. Butts can recover in these cases."

We agree with the Court of Appeals that this special request sets forth the correct statement of the rule in effect in this State. It is well settled that the owner of a car, riding in it, the driver being under his control, cannot recover damages from a third person on account of an accident when the owner's driver is guilty of proximate contributory negligence. *Snyder, et al. v.*

*Missouri Pac. R. Co.,* 183 Tenn. 471, 192 S.W.2d 1008 (1946) ; *Ringwald v. Beene,* 170 Tenn. 116, 124, 92 S. W.2d 411 (1946) ; and *Angel v. McClean,* 173 Tenn. 191, 116 S.W.2d 1005 (1938).

The Court of Appeals held that a new trial should have been granted in this case by the trial court for the reason that the verdicts against Mrs. Butts and for Mr. Butts were contradictory and irreconcilable. For the reasons stated herein, we agree with such holding. The Court of Appeals said:

"In the light of the verdict the jury must have found proximate negligence both in the operation of the train and the station wagon. If so, in the absence of proof rebutting the presumption of control by Mr. Butts, the jury, even under the charge given, could not logically and reasonably find a verdict for Mrs. Butts."

This reasoning of the court seems to be perfectly logical and sound and consistent with the law of this State.

The jury, trying together the four cases, consolidated by consent, of Mr. and Mrs. Butts and their two children, found that Mrs. Butts was not entitled to recover and dismissed her case. However, the jury found in favor of Mr. Butts in the sum of $2,000.00 and found in favor of each child in the amount of $1,500.00. The railroad did not appeal in the children's cases, and Mrs. Butts did not appeal the dismissal of her case. The only appeal was by the railroad in the case where Mr. Butts recovered against it.

The undisputed proof shows that Mrs. Butts was injured more seriously than any of the other occupants of the car. The jury found against her and under the proof submitted it must be assumed that this was on the

basis that she was guilty of proximate contributory negligence. However, the same jury also returned a verdict in favor of Mr. Butts even though it was his car being used on his business and the driver was his wife. While either one of these verdicts standing alone without the other would be valid, when rendered at the same time by the same jury they are contradictory and irreconcilable.

Even though the trial court charged the jury that the presumption (that Mr. Butts as owner was in control of Mrs. Butts, as driver), was rebuttable, there was no evidence or proof in the record to rebut it. As the Court of Appeals put it—

"* * * in the absence of proof rebutting the presumption of control by Mr. Butts, the jury even under the charge given, could not logically and reasonably find a verdict for Mr. Butts."

(That is while returning a verdict against Mrs. Butts at the same time). That is to say that even under the charge given, the jury had to find Mrs. Butts free of proximate contributory negligence in order to find in favor of Mr. Butts.

■ It is the contention of the railroad here that because the jury found against Mrs. Butts and she has not appealed, the Court of Appeals should have not only reversed Mr. Butts' judgment but have dismissed it rather than remanding it for a new trial. This assumes that the verdict in Mrs. Butts' case, which is now final, is *res judicata* and binding on Mr. Butts as well. This contention is not well founded under the accepted practice of this State.

If Mrs. Butts' suit had been brought and tried at an earlier date with the same verdict, such verdict and judgment of dismissal would in no way be binding on another jury which heard Mr. Butts' suit at a later date.

■ These suits are separate and distinct. If, however, suits are consolidated for trial before the same jury and the verdicts are contradictory and irreconcilable, there is no reason to approve the verdict in one suit and reject the other, both should be reversed and remanded for a new trial. *Berry v. Foster,* 199 Tenn. 352, 357, 287 S.W.2d 16 (1955). The fact that only one of the suits is appealed has no effect on the law applicable to the other suit. The verdict is still irreconcilable.

In the Berry case, supra, Mrs. Chase sued Mr. Foster for her personal injury resulting from a collision between a truck driven by her and a truck driven by Mr. Foster. Mr. Chase, who owned the truck driven by his wife, also sued Mr. Foster to recover for damages to the truck. The jury returned a verdict for Mrs. Chase in the amount of $1,000.00. The same jury in the same trial dismissed the case of Mr. Chase.

The Court of Appeals affirmed the judgment for Mrs. Chase and reversed the case of Mr. Chase because of the inconsistent verdict and remanded it for a new trial. This Court granted certiorari and reversed both cases saying: "There is no reason to approve the verdict in the one and reject it in the other."

■ The Court of Appeals said in *Penley v. Glover,* 30 Tenn.App. 289, 292, 205 S.W.2d 757, 759 (1947):

"Litigants are entitled to have their rights settled by a consistent and intelligible verdict * * *."

These same words are applicable to the instant case. It is true that Mrs. Butts' case is final because she did not appeal and for this reason neither the Court of Appeals nor this Court could grant her a new trial now. However, this does not change the facts that the two verdicts are contradictory and irreconcilable as far as others are concerned who are not bound by her failure to appeal.

Mr. Butts was certainly in no position to appeal the decision which was adverse to his wife, and, therefore, he cannot be bound by her decision not to do so. Had Mrs. Butts appealed, under the rule in the Berry case, supra, both judgments would have been reversed and remanded for new trials. The Court of Appeals properly held in the instant case that:

"The Railway Company is not entitled to a dismissal rather than a new trial merely because Mrs. Butts chose not to appeal."

We need not consider whether the rule of *Berry v. Foster,* supra, would be inapplicable in a case where the inconsistency of the verdict was clearly a result of erroneous instructions to the jury, because the Court of Appeals ruled that in the instant case the verdicts of the jury were clearly irreconcilable even under the charge as given by the trial judge.

For the foregoing reasons the decision of the Court of Appeals is affirmed. This case is remanded for a new trial in accordance with the procedure established in *Angel v. McClean,* 173 Tenn. 191, 116 S.W.2d 1005.

BURNETT, CHIEF JUSTICE, and FELTS, DYER and HOLMES, JUSTICES, concur.