James Allen Dudley, b/n/f Jay W. Dudley,
Plaintiff in Error,

*v.*

Curtis A. Phillips, Curtis T. Phillips,
Defendants in Error.

Jay W. Dudley, Plaintiff in Error,

*v.*

Curtis A. Phillips, Curtis T. Phillips,
Defendants in Error.

405 S.W. 2d 468.

(*Knoxville,* September Term, 1965.)

Opinion filed July 1, 1966.

ALLEN M. ELLIOTT, Knoxville, for James Allen Dudley, b/n/f Jay W. Dudley.

MORTON, MORTON & LEWIS, Knoxville, for Curtis A. Phillips and Curtis T. Phillips.

MR. JUSTICE DYER delivered the opinion of the Court.

This case comes to this Court by grant of writ of certiorari. The question presented: Is a suit by parents of a minor child, to recover damages for loss of services and medical expense, growing out of a tort committed

against the child by a third party derivative in nature and dependent upon the child's right to recover. The Trial Court and the Court of Appeals have answered this question in the affirmative.

The facts necessary to note are as follows: James Allen Dudley, a minor over fourteen years of age, was injured in a vehicle collision involving a car owned by defendant, Curtis A. Phillips, and operated at the time by defendant, Curtis T. Phillips. James Allen Dudley, by next friend, filed suit for personal injuries against these defendants. Jay W. Dudley, father of the minor, brought suit in a separate action for loss of services and medical expenses against the defendants. These two suits were tried together on the same evidence before the same jury. The jury returned a verdict in favor of Jay W. Dudley and against the minor, James Allen Dudley.

The Trial Judge then instructed the jury as follows:

Ladies and gentlemen, you have reached in this case what is an inconsistent verdict. In other words, the right of Mr. Jay Dudley, Sr., to recover any damages in this case depends upon the entitlement of his son to recover damages, and if he is not entitled to any damages by reason of contributory negligence, then that same negligence is imputed to and charged to his father and therefore if the son is entitled to no damages, then the father is entitled to no damages.

\* \* \* So I am going to ask you to return to the jury room and further consider this matter and see if you can arrive at a verdict in these cases (that is) consistent because you must keep in mind that the father's right can be no stronger than the son's right.

(Trial Judge's instructions)

Pursuant to these instructions the jury retired and later returned verdicts in favor of both plaintiffs. This instruction, by the Trial Judge, that the suit by the father (Jay W. Dudley) is derivative and dependent upon his minor son's (James Allen Dudley) right to recover is assigned as error.

■ When a tort is committed against a child there arises two separate and distinct causes of action. The general rule is well stated by the Annotation in 42 A.L.R. 722, 724 as follows:

The almost universally accepted theory is that, upon injury to a child, there immediately arises in favor of the parent a cause of action for loss of services, medical expenses to which he will be put, etc. and that another and distinct cause of action arises in favor of the child for the elements of damage to him, such as pain and suffering, disfigurement, etc.

This quite clearly seems to be the usual view entertained by the courts, and the rule is the same with reference to a husband's right of recovery for loss of his wife's services.

42 A.L.R. 724

The above statement from A.L.R. is supported by our recent case of *Boring v. Miller,* 215 Tenn. 394, 386 S.W.2d 521 (1965) and other cases cited in that opinion.

On the issue presented *sub judice* the general rule, and reasons therefor, is given in 39 Am.Jur., Parent and Child, Sec. 85, page 731 as follows:

Since the parent ordinarily has no right of action unless the child has, if the child itself failed to exercise the care proper to be required of one of its

age, and that lack of care contributed to the accident, the parent cannot recover. This defense, however, is not available where the conduct of the defendant amounts to a positive and wilful injury, or was so deliberate, persistent, and intentional as to be equivalent in law to such an injury. It is for the jury to determine whether the injury was one of this character. If the lack of care of the child was due to exhaustion, caused by his having been kept at work by the defendant for an excessive length of time, so that he was physically unable to exercise the necessary skill and care, his negligence is no defense.

There is some controversy as to the basis of the rule charging the parent with the contributory negligence of his child. Most of the cases speak of the defense as one of ''imputed negligence,'' although this theory has been criticized upon the ground that it is properly applicable only where an agency relation, express or implied, exists. The reason given by at least one court is that the parent is in law the assignee of a part of the child's cause of action. This would seem to be merely a statement, in technical language, of the generally accepted idea that the parent's cause of action is based on that of the child's and stands subject to defenses available against the child. It would seem that the true basis for the rule is to be found in the doctrine of derivative contributory negligence, under which one deriving from another a cause of action for negligence is charged with his contributory negligence.

39 Am.Jur.731

There are several Tennessee cases indicating, but not directly holding, we follow the rule stated above in

39 Am.Jur. that the action arising in favor of the parent is a derivative action dependent upon the right of injured minor child to recover. Among these cases the following: *Horne v. Palmer,* 38 Tenn.App. 354, 274 S.W.2d 372 (1954); *Berry v. Foster,* 199 Tenn. 352, 287 S.W.2d 16 (1955); *Borden v. Daniel,* 48 Tenn.App. 314, 346 S.W.2d 283 (1960); *Southern Railway Co. v. Butts,* 214 Tenn. 328, 379 S.W.2d 794 (1964).

In *Horne v. Palmer,* supra, a minor son was injured in a vehicle collision while operating his father's automobile. The minor son, by next friend, sued for personal injuries and his father, in a separate action, sued for property damage and medical expenses. These two suits were consolidated and tried to the same jury. The jury found for the father in his suit and against the minor son in his suit. The Court found these verdicts to be inconsistent. This holding is based on the fact the suit by the father is dependent upon the suit by the minor son. The Court would have to assume the jury, in finding against the minor son, found him guilty of proximate contributory negligence. Then when the same jury, under the same evidence, found for the father in his suit there resulted verdicts that are contradictory and irreconcilable.

In *Borden v. Daniel,* supra Don R. Borden, as next friend for his son David, sued to recover damages for personal injuries sustained by the son and, in separate suit in his own right, for loss of services and medical expenses. The Court said:

Since the suit of Don R. Borden is dependent on the suit of David Borden, by next friend, reference to the suit of the father will be omitted. 48 Tenn.App. 314, 346 S.W.2d 284.

Plaintiffs in error cite the case of *Boring v. Miller,* supra and other cases summarized in that opinion. This line of cases holds, the action arising in favor of the child and the action arising in favor of the parent, are separate and distinct actions in that the parties are different and an adverse adjudication in one action will not support a plea of res judicata as to the other action in a subsequent suit. These cases are not in conflict with a holding the action of a parent is derivative and dependent upon the child's right to recover.

Plaintiffs in error also cite the case of *Wiggins v. Mullens.* The Wiggins case is an unreported case of the Court of Appeals carried into the reports as a footnote to the case of *Southern Bell Tel. & Tel. Co. v. Skaggs,* 34 Tenn.App. 549, 241 S.W.2d 126 (1951). In the *Wiggins* case a minor child was injured when struck by an automobile driven by the defendant. The child, by next friend, sued for personal injuries and the father, in a separate action, sued for medical expenses. The two suits were consolidated for trial and the jury found for the father but against the son. The Court in holding these verdicts not inconsistent said:

> The above annotations show also that the fact that the father has sued as next friend for the benefit of the child does not prevent his recovery in a subsequent suit in his own behalf for expenses and loss of services of the child. (Par. 1 for purposes of this opinion). It would seem to follow from the foregoing that it makes no difference if the two separate and independent causes of action are consolidated for trial and tried simultaneously to the same jury. They would fall in the general category of *Texas Co. v. Ingram,* 16 Tenn.App. 267, 288, 64 S.W.2d 208, where mother

and child were riding in the same automobile when injured by collision with another car. The jury trying both cases found for the mother but against the child. These verdicts were held, not inconsistent. (Par. 2 for purposes of this opinion) (34 Tenn.App. 564, 241 S.W.2d 133).

The argument here on the *Wiggins* case is that, since the verdicts were found not to be inconsistent, such supports the proposition the actions are separate and distinct to such an extent one is not in any way derivative of the other. We agree, under the language of the *Wiggins* opinion, such is a logical argument.

The statement, in indicated "Par. 1" above in the *Wiggins* opinion, is correct. The rationale used by the court to bridge over from "Par. 1" to "Par. 2" is, in our opinion, questionable. In support of the statement in "Par. 2" the court cites *Texas Co. v. Ingram*, supra. In the *Texas* case Mrs. Ingram, while driving her car with her infant son as a passenger, was involved in an accident. Mrs. Ingram and her infant son filed separate suits for personal injuries and the cases were tried together by consent. The jury found for Mrs. Ingram but against her infant son. The court overruled an assignment of error based on the claim these verdicts were "legally impossible" or "arbitrary and capricious." We do not think the *Texas* case supports the statement made in the Wiggins case. The issue of inconsistent verdicts based on the fact one action is dependent on the other was not present in the *Texas* case. The *Wiggins* case also cited *Nashville, C. & St. L. Ry v. White*, 158 Tenn. 407, 15 S.W.2d 1 (1928) which we have examined but do not find any support in this case for the holding in the *Wiggins* case.

It is true, when an action arising in favor of the parent and an action arising in favor of the child, are tried to different juries there may result valid verdicts which verdicts, had they been found by the same jury, would be held to be inconsistent. A part of the difficulty seems to have arisen out of this fact. Even so we do not think such alters the fact the parent's action is derivative in nature.

We hold a cause of action arising in favor of the parent resulting from a tort committed against the child is derivative in nature and such action is subject to the same defenses that are available in the action arising in favor of the child.

In the case sub judice the first verdicts returned by the jury were inconsistent. When the jury found against James Allen Dudley (minor) the Trial Judge would have to assume they had found him guilty of proximate contributory negligence. This being true Jay W. Dudley (parent) could not recover. The Trial Judge further instructed the jury which was not error.

We have considered the other assignments of error and find them without merit. The judgment of the Court of Appeals is affirmed.

BURNETT, CHIEF JUSTICE and WHITE, CHATTIN and CRESON, JUSTICES concur.