# PENLEY v. GLOVER.

## GLOVER v. PENLEY. No. 6—205 S. W. (2d) 757.

Eastern Section.   July 9, 1947.

Petition for Certiorari denied by Supreme Court, October 4, 1947.

Curtin & Haynes, of Bristol, for plaintiff in error Penley.

Caldwell & Brown, of Bristol, for plaintiff in error Glover.

Gore & Gore, of Bristol, for defendant in error Glover.

McAMIS, J. These two cases, tried together before a jury, grew out of a collision between a bus owned by W. E. Penley, doing business as Yellow Coach Company, and a truck owned by Mrs. Myrtle S. Glover, doing business as Glover's Dry Cleaners. The parties will be referred to simply as Penley and Glover.

The cases were submitted to the jury on conflicting evidence which the parties agree would support a verdict in favor of either party. The Court carefully instructed the jury to return separate verdicts in each case based on their findings as to negligence and contributory negligense, but the jury returned the following verdict:

"The Court: How do you find?

"The Foreman: Both guilty of negligence and the damage is $450.00 in each case.

"The Court: Each one of them $450.00?

"The Foreman: Yes, sir.

"The Court: In other words, you allow Mrs. Glover $450.00 against Mr. Penley and in his case you allow Mr. Penley $450.00 against Mrs. Glover?

"The Foreman: Yes, sir.

Judgments were accordingly entered in each case with costs taxed to defendant in each. Motions for a new trial were made by the defendant in each case and were overruled and both have appealed in error. Glover, in the role of defendant in error, insists the judgment of

$450 in her favor in the suit against Penley is good. However, represented by different counsel in the other suit, Glover insists that the verdict is so inconsistent that the judgment in that case cannot stand.

The verdicts in the two cases are obviously inconsistent and irreconcilable. The verdict against Glover in the Penley suit necessarily implies a finding by the jury that Glover was guilty of negligence which was a proximate cause of the collision and not merely a remote cause. Otherwise, under the law and the charge of the Court as given, no verdict could have been rendered against Glover. The verdict in that case also implies that Penley was not guilty of proximate negligence but, at most, that any negligence on the part of Penley was only a remote cause. Otherwise, Penley's suit would have been dismissed. Yet, in the Glover suit in which a verdict was returned against Penley in favor of Glover, the necessary implications are exactly to the contrary, i. e., that Penley *was* guilty of proximate negligence and Glover *was not* but, at the most, Glover's negligence furnished only a remote cause of the collision. It is thus apparent that the two verdicts cannot consistently rest on a finding by the jury that both parties were guilty either of proximate or remote negligence even though the foreman, in returning the verdict, stated that both were found guilty of negligence. It is also evident that the trial judge acting as the thirteenth juror did not concur on the ground that both parties were guilty of proximate contributory negligence. The judgments are not judgments of dismissal but are judgments in favor of the plaintiff in the respective cases with costs taxed to the defendant.

We could hardly justify allowing the verdict to stand by speculating that the jury disregarded the court's charge and really intended to find both parties guilty of proximate negligence and, for that reason neither could recover. If they reached that conclusion it was their duty, under the court's charge, to dismiss both suits but the verdict was that they found in favor of both parties as plaintiff and against both parties as defendant.

It can make no difference that the two cases were being tried together. The factual basis for the verdict in each case is identically the same and the same bill of exceptions which reflects testimony supporting the verdict in one case also reflects another verdict necessarily implying contrary findings upon the same evidence.

To accept the version of the driver of the Penley bus is to absolve Penley of negligence and to accept the version of the driver of the Glover truck is to absolve Glover of negligence. Both versions cannot be accepted as the basis for a consistent and rational verdict.

Litigants are entitled to have their rights settled by a consistent and intelligible verdict concurred in by the trial judge and free from the vice of caprice or whim on the part of the jury. The verdicts in these cases seem to have been rendered at random without regard to any rational findings on the evidence and without reference to the charge of the court which was sufficient and clear enough to guide the jury to a proper conclusion if they had followed it.

Where a judgment is based upon inconsistent findings by a jury it is the duty of the appellate court to reverse and remand the case for a new trial. Loveman Co. v. Bayless, 128 Tenn. 307, and cases cited at page 313, 160 S. W. 841, Ann. Cas. 1915C, 187; American Nat.

Bank of San Francisco v. Donnellan, 170 Cal. 9, 148 P. 188, Ann. Cas. 1917C, 744; Nelson v. Duquesne Light Company et al., 338 Pa. 37, 12 A. (2d) 299, 128 A. L. R. 1257; Southern R. Co. v. Harbin, 135 Ga. 122, 68 S. E. 1103, 30 L. R. A., N. S., 404, 21 Ann. Cas. 1011; Smith v. Turner, 178 Va. 172, 16 S. E. (2d) 370, 136 A. L. R. 1251; 3 Am. Jur., Section 1142, Appeal and Error, p. 658, also Ib. p. 722; 4 C. J. 1201, Appeal and Error, Sec. 3242; 5 C. J. S., Appeal and Error, Sec. 1943.

We do not think Trevathan v. Lynch et al., 21 Tenn. App. 549, 113 S. W. (2d) 416, requires a different conclusion. In that case the jury first returned a verdict in favor of the original plaintiffs but were silent as to a cross-action filed by defendants. They were then instructed to retire and bring in a verdict on the cross-action. Interpreting this to mean that they were required to render a verdict in favor of the cross-plaintiffs, as appeared from affidavits later filed, the jury then returned a verdict for $21.80 in favor of the cross-plaintiffs. As was said in the opinion, when the jury returned a verdict in favor of plaintiffs and was silent as to the cross-action the court might well have directed a verdict in favor of cross-defendants. Here the case is different. The jury was not silent as to verdict in favor of or against either party but attempted to settle all issues in the two cases by an affirmative finding and verdict as to each party to the suit.

Justice can only be done by reversing the judgments and remanding both cases for a new trial. Costs of appeal will be equally divided and costs below will abide the final result.

Hale and Burnett, JJ., concur.