ALABAMA HIGHWAY EXPRESS, INC., DELBERT
BARNES, H. H. HOLLIS, v. WILLIAM W. LUSTER,
Adm'r of Estate of Annette Luster, William W. Luster,
Adm'r of Estate of Janella Read Luster, William W.
Luster, Adm'r of Estate of Wilma Janice Luster.—
371 S.W. (2d) 182.

Middle Section at Nashville. May 17, 1963.

Certiorari Denied by Supreme Court October 11, 1963.

John J. Hooker, Clarence Evans, Lewis D. Pride, Miller Manier, Nashville, for plaintiffs in error.

F. Clay Bailey, Jr., Nashville, for defendants in error.

HUMPHREYS, J. On December 24, 1959, William Lawrence Read, with Annette Luster, Wilma Janice Luster, and Mrs. Janella Read Luster, riding with him as guest passengers, drove his automobile out of King's Lane and onto U. S. Highway 41A, without stopping at the stop sign erected at the margin of 41A, where the automobile was run into by a tractor trailer truck owned by H. H. Hollis, being operated by Delbert Barnes on the business of Alabama Highway Express, Inc., which had it leased. In the collision the driver and the three guest passengers named were killed.

On account of these deaths suits were brought on behalf of all passenger decedents against the Express Company, Barnes, Hollis, and William Lawrence Read's administrator, and by William Lawrence Read's administrator against the Express Company, Hollis, and Barnes.

Suits were also brought by Delbert Barnes, the truck driver, for personal injuries received in the collision, and by H. H. Hollis, the truck owner, for personal property damage against the estate of William Lawrence Read.

The declarations on behalf of the decedents were similar, and alleged common law negligence and negligence by reason of violation of certain statutes. The declaration in William Lawrence Read's suit sought to recover

for damages done to the automobile, as well as for Read's wrongful death.

These cases were tried to a jury which in the course of returning its verdicts, reporting first in the case of guest decedent, Annette Luster, assessed damages in this case against Alabama Highway Express, H. H. Hollis and Delbert Barnes, in the amount of $1,500.00, and against Kelly Read, administrator of the estate of William Lawrence Read, in the amount of $10,000.00.

At this point, without waiting to hear the jury's verdicts in the other cases submitted to them the trial judge instructed the jury it could not separate or apportion a verdict and instructed them to consider further of their verdicts.

After further deliberation the jury returned into court and announced that it found in the case of William W. Luster, administrator of the estate of Annette Luster, against Alabama Highway Express, H. H. Hollis, Delbert Barnes, and Kelly Read, Administrator of the estate of deceased, William Lawrence Read, in favor of the plaintiffs. When the court asked against which defendants, the jury stated: "Your Honor, that is the thing we brought in a few minutes ago and you said we could not disassociate the defendants."

Whereupon the court sent the jury back for further deliberation.

Thereafter, the jury again returned into court and announced that in the case involving Annette Luster's death they found in favor of the plaintiff and against all defendants for $15,000.00; in the case involving Mrs. Janella Read Luster's death, $15,000.00 against all de-

fendants; in the case involving Wilma Janice Luster's death, $15,000.00 against all defendants. That in the case of H. H. Hollis v. Kelly Read, Administrator of the estate of William Lawrence Read, they found in favor of Hollis and fixed his damages at $2,000.00. That in the case of Delbert Barnes against the same administrator, they found in favor of Barnes and assessed his damages at $80.00.

The jury then reported that in decedent William Lawrence Read's case they found in favor of defendants.

The only parties appealing from the final judgments in these cases are the defendants Alabama Highway Express, Delbert Barnes, and H. H. Hollis, who have appealed in error from the judgments awarded against them.

There are two assignments of error in each of the three appealed cases. The first is that the trial court erred in overruling defendants' motion for a directed verdict at the conclusion of the introduction of evidence because there was no evidence of negligence on the part of the appealing defendants. The second assignment is in substance that the trial court erred in entering judgments against defendants on the verdicts because the verdicts were inconsistent with the verdicts returned by the same jury at the same time in the cases wherein Delbert Barnes and H. H. Hollis were plaintiffs.

Considering first the second assignment of error, and the rule of law by which this assignment must be tested, we find that in the consolidated cases of Penley v. Glover, and Glover v. Penley, opinion in which is reported in 30 Tenn.App. 289, 205 S.W.(2d) 757, this Court said the following:

"Litigants are entitled to have their rights settled by a consistent and intelligible verdict concurred in by the trial judge and free from the vice of caprice or whim on the part of the jury. The verdicts in these cases seem to have been rendered at random without regard to any rational findings on the evidence and without reference to the charge of the court which was sufficient and clear enough to guide the jury to a proper conclusion if they had followed it.

"Where a judgment is based upon inconsistent findings by a jury it is the duty of the appellate court to reverse and remand the case for a new trial." 30 Tenn.App. 292, 205 S.W.(2d) 759.

■ This opinion lays down the rule that inconsistent verdicts cannot stand. So, the question is, are the verdicts inconsistent? What the jury actually did was to find that in those cases wherein Barnes, Hollis, and the Express Company were defendants, Barnes was guilty of proximate negligence so all three defendants were liable whereas, in Barnes' and Hollis' suits, Barnes was not guilty of proximate negligence so that both he and Hollis could recover.

Since these two conclusions are diametrically opposed to each other, and since they were arrived at by the jury upon a consideration of only one set of facts and circumstances, they are inconsistent within the rule made in the case we have referred to unless that case does not apply, as defendants in error insist, because these are consolidated cases and a different rule applies. Or, as occurs to us, the verdicts are reconcilable upon a legal theory which fairly arises on the facts and is encompassed by the pleadings.

It is argued that Penley v. Glover, supra, does not apply because that case involved a cross-action while the present cases are consolidated cases, and verdicts in consolidated cases need not be consistent.

█ But this argument is not good because Penley v. Glover, Glover v. Penley, was not a cross-action case, but two separate cases consolidated for trial just as these cases—and that case settles the rule there must be consistency in verdicts in consolidated cases.

█ Nor do we read Penley v. Glover as invalidating judgments on inconsistent verdicts only in those instances where it could be said that one judgment would be res judicata as to the other, as in cross-actions and in dependent suits. But, as laying down the rule that the same jury, on a single set of facts and circumstances, cannot reach two different conclusions of fact and law as expressed in their verdicts which will support valid judgments, unless these opposite, inconsistent conclusions are reconcilable under an applicable rule of law. The obligation of every jury is summarized in the oath taken by its members to render a true verdict according to the law and the evidence. This applies whether the jury is trying one or more cases. And where it plainly appears from the verdicts returned by a jury that it has not fulfilled this obligation, but acting upon considerations other than those presented in the law and the evidence has returned irreconcilably conflicting verdicts, it is the duty of the trial court to order the jury to consider further with respect to these verdicts, and if it refuses (which we doubt will ever be the case), to order a mistrial, otherwise this Court must reverse.

Are these verdicts so reconcilable? After the fullest consideration, approaching this question on the assumption it is our duty to reconcile them if we can, we have concluded they are not.

■ That they are not reconcilable in fact appears on their face. The same jury on the same evidence has said the appealing defendants were guilty of proximate, causal negligence in the cases wherein they were defendants, but upon the same facts were not guilty of proximate, causal negligence in the cases wherein they were plaintiffs. These two conclusions are of course factually irreconcilable. The appealing defendants were either guilty of negligence which was the proximate cause of the deaths sued for or they were not. They could not, in fact, be both proximately negligent and not proximately negligent.

Nor, can the verdicts be reconciled upon any legal basis that occurs to us—and we say to us because defendants in error do not contend in their brief the verdicts are factually or legally reconcilable, but only that there is no rule against such verdicts in consolidated cases.

■ ■ While it is the rule that where a defendant is guilty of gross negligence, a plaintiff who has been guilty of only ordinary negligence may still recover, so that if these cases had, under the pleadings, the evidence and the charge of the court, proceeded upon or involved this principle, the verdicts could be legally reconciled on this basis, this principle is not involved since it was not invoked by the pleadings, was not presented to the jury in the court's charge, and played no part at all in the cases, not even being mentioned or relied on by the defendants

in error in their brief and argument. So, this doctrine is unavailable as a basis of reconciliation of the verdicts.

There is also another rule of law to the effect that, where a defendant has been guilty of actionable negligence which is a direct and proximate cause of an injury to a plaintiff, a plaintiff will not be cut off altogether because at the same time and in connection with the same incident he was guilty of conduct which was an indirect, remote cause thereof. Tennessee Digest, Vol. 15, Negligence, sec. 82, and cases there digested.

But the verdicts are not reconcilable under this rule even though it arises on the facts and the jury was instructed in regard to it. This, for the reason: if the jury applied this rule, to be consistent, it had to find the appealing defendants guilty either of direct and proximate negligence in both cases or guilty only of indirect, remote negligence; which latter would not support a verdict. This of course is so apparent that, as in regard to the gross negligence doctrine mentioned above, defendants in error do not insist in their brief and argument that the verdicts are reconcilable on this basis.

It is our considered opinion that both the image and the fact of justice would suffer irreparable harm if we were to validate judgments based on verdicts obviously reached by a jury simply in order to work out its own idea as to what should be done, contrary to the instructions of the trial judge. Even though the results reached approximate the community idea of justice, this is not enough when we know as we do in this case this justice is not based on the law and the facts as found, but the will of the jury.

Entertaining the views expressed, we sustain the second assignment of error.

As to the first assignment of error, we are constrained to overrule it. Without entering into a detailed consideration of the proof, which is not required of us, we are of opinion it is not so scant with respect to the speed at which the truck was being operated as to be a "mere scintilla" of evidence.

The costs are taxed to the defendants-in-error and the case is remanded for a new trial.

Shriver and Chattin, JJ., concurring.