RUPERT L. MILLIKEN, Respondent,

*v.*

W. C. SMITH, JR., Petitioner.

MRS. SALLIE G. SMITH, Petitioner,

*v.*

RUPERT L. MILLIKEN, Respondent.

W. C. SMITH, JR., Petitioner.

*v.*

RUPERT L. MILLIKEN, Respondent,

405 S.W.2d 475.

(*Nashville,* December Term, 1965.)

Opinion filed July 15, 1966.

TAYLOR & SCHLATER, Nashville, for petitioners.

JACK GREEN and THOMAS O. H. SMITH, JR., Nashville, for respondent.

MR. JUSTICE CRESON delivered the opinion of the Court.

The petitioners, Mrs. Sallie G. Smith and Mr. W. C. Smith, Jr., have assigned for error the action of the

Court of Appeals for the Middle Section of Tennessee, affirming verdicts and judgments rendered in the Circuit Court of Davidson County, Tennessee.

The facts of this case pertinent to the primary question raised, are as follows:

One morning in January, 1963, while Old Hickory Boulevard was covered with ice and snow, respondent Milliken drove out of his driveway onto that highway, turning left on his way to work. At this same time, petitioner, Mr. Smith, and his wife, Mrs. Smith, were traveling in a car along the aforementioned highway, in the same direction as Mr. Milliken was turning, or had turned. The two automobiles collided, Smith's automobile running into the rear of Milliken's. Mr. Smith was operating his automobile. Milliken sued Smith for damages to himself and his automobile, alleging common law negligence. Smith sued Milliken for damage to his automobile and expenses, and loss of services of his wife, who was injured. Mrs. Smith sued Milliken for damages for personal injury. The jury returned a verdict for Milliken against Mr. Smith for $1,500.00; Smith's suit against Milliken was dismissed on a finding of the jury against Smith. Mrs. Smith was awarded a verdict against Milliken for $1,200.00. Judgments were entered in accordance with the verdicts of the jury. Mrs. Smith filed a motion for a new trial in her case as plaintiff against Milliken, asserting that the verdicts were fatally inconsistent. Mr. Smith filed a motion for a new trial, both in his case as plaintiff against Milliken as defendant and in his case as defendant in the case of Milliken as plaintiff. These two motions were identical to that filed on behalf of Mrs. Smith. All such motions were overruled. Mr. and Mrs. Smith both took appeals to the Court

of Appeals—Mrs. Smith in her own case and Mr. Smith in his case as plaintiff against Milliken and in his case as defendant against Milliken as plaintiff. The Court of Appeals, distinguishing the cases of *Penley v. Glover* (1947) 30 Tenn.App. 289, 205 S.W.2d 757, and *Alabama Highway Express, Inc. v. Luster* (1963) 51 Tenn. App. 691, 371 S.W.2d 182, and placing heavy reliance upon the opinion of this Court in *Nashville, C. & St. L. Ry. v. White* (1928) 158 Tenn. 407, 15 S.W.2d 1, affirmed the judgments of the trial court. Mr. and Mrs. Smith have now presented all three cases to this Court upon petition for certiorari.

Petitioners contend here that the Court of Appeals erred in refusing to reverse the judgments of the trial court and remand the causes for new trials. The basis of such insistence is that the verdicts and judgments of the trial court are inconsistent and irreconcilable.

■ In our view petitioners' contention must be sustained. The verdict and judgment for Mr. Milliken against Mr. Smith necessarily includes the fact conclusion that Mr. Milliken was not guilty of any negligence which was a proximate cause of the accident. The verdict and judgment in favor of Mrs. Smith against Mr. Milliken, on the contrary, essentially includes a finding that Mr. Milliken was guilty of negligence which was a proximate cause of the accident. Therefore, clearly, the verdicts and judgments are inconsistent and irreconcilable. These cases were tried together and the same evidence was presented to the same jury.

■ The general rule is that verdicts which are inconsistent and irreconcilable must not be allowed to stand. *Penley v. Glover,* supra, and *Alabama Highway Express, Inc. v. Luster,* supra. The rule so well stated in these two

opinions of the Court of Appeals should not be diluted by tenuous distinctions which embrace no real difference. The above decisions give full recognition to the part played in this type of cases by the presence of questions relating to gross negligence and remote contributory negligence. Neither such element is in any way present in the instant cases. Laying aside, then, any consideration of these two mentioned elements, we have here a case which, it seems to us, falls squarely within the interdicting principles enunciated in the above cases. A sententious summary of the reason for the rule is found in the case of *Penley v. Glover,* supra:

"Litigants are entitled to have their rights settled by a consistent and intelligible verdict concurred in by the trial judge and free from the vice or caprice or whim on the part of the jury. * * *

Where a judgment is based upon inconsistent findings by a jury it is the duty of the appellate court to reverse and remand the case for a new trial. (Citing authorities)."

A clear and most comprehensive analysis and application of the rule appears in *Alabama Highway Express, Inc., v. Luster,* supra, wherein it is said:

"[1] This opinion lays down the rule that inconsistent verdicts cannot stand. So, the question is, are the verdicts inconsistent? What the jury actually did was to find that in those cases wherein Barnes, Hollis, and the Express Company were defendants, Barnes was guilty of proximate negligence so all three defendants were liable whereas, in Barnes' and Hollis' suits, Barnes was not guilty of proximate negligence so that both he and Hollis could recover.

Since these two conclusions are diametrically opposed to each other, and since they were arrived at by the jury upon a consideration of only one set of facts and circumstances, they are inconsistent within the rule made in the case we have referred to unless that case does not apply, as defendants in error insist, because these are consolidated cases and a different rule applies. Or, as occurs to us, the verdicts are reconcilable upon a legal theory which fairly arises on the facts and is encompassed by the pleadings.

It is argued that *Penley v. Glover,* supra, does not apply because that case involved a cross-action while the present cases are consolidated cases, and verdicts in consolidated cases need not be consistent.

[2] But this argument is not good because *Penley v. Glover, Glover v. Penley,* was not a cross-action case, but two separate cases consolidated for trial just as these cases—and that case settled the rule there must be consistency in verdicts in consolidated cases.

[3-5] Nor do we read *Penley v. Glover* as invalidating judgments on inconsistent verdicts only in those instances where it could be said that one judgment would be res judicata as to the other, as in cross-actions and in dependent suits. But, as laying down the rule that the same jury, on a single set of facts and circumstances, cannot reach two different conclusions of fact and law as expressed in their verdicts which will support valid judgments, unless these opposite, inconsistent conclusions are reconcilable under an applicable rule of law. The obligation of every jury is summarized in the oath taken by its members to render a true verdict according to the law and the evidence.

This applies whether the jury is trying one or more cases. And where it plainly appears from the verdicts returned by a jury that it has not fulfilled this obligation, but acting upon considerations other than those presented in the law and the evidence has returned irreconcilably conflicting verdicts, it is the duty of the trial court to order the jury to consider further with respect to these verdicts, and if it refuses (which we doubt will ever be the case), to order a mistrial, otherwise this Court must reverse.

Are these verdicts so reconcilable? After the fullest consideration, approaching this question on the assumption it is our duty to reconcile them if we can, we have concluded they are not.

[6] That they are not reconcilable in fact appears on their face. The same jury on the same evidence has said the appealing defendants were guilty of proximate, casual negligence in the cases wherein they were defendants, but upon the same facts were not guilty of proximate, causal negligence in the cases wherein they were plaintiffs. These two conclusions are of course factually irreconcilable. The appealing defendants were either guilty of negligence which was the proximate cause of the deaths sued for or they were not. They could not, in fact, be both proximately negligent and not proximately negligent."

As previously stated, the Court of Appeals, in the instant case, bottomed its decision on certain language found in an opinion of this Court in the case of *Nashville, C. & St. L. Ry. v. White,* supra. That language is as follows:

"It is insisted through assignments of error that the verdicts are inconsistent. As we have stated, the

jurors were considering distinct cases, resting upon the same facts. * * * *There is material evidence to sustain each verdict, and we must consider each case as if tried severally.''* (Our emphasis).

It is of real importance to note, in the first place, that this Court used the quoted language in an opinion on four cases tried together which resulted in verdicts which were not, in fact, inconsistent. In addition, the language that "we must consider each case as if tried severally" was correct and applicable to the situation there presented. There, four separate actions were brought against the defendant railroad. Two of the plaintiffs recovered. Two other plaintiffs did not recover. That case involved a crossing accident. The two plaintiffs who recovered were physically situated quite differently from the two plaintiffs who did not recover. The opinion itself thoroughly refllects a basis for the jury concluding that the two plaintiffs who recovered were not guilty of proximate negligence, while finding that the two plaintiffs who did not recover were guilty of such negligence.

For the foregoing reasons, this Court concludes that the verdicts and judgments in the cases at bar are both fatally inconsistent and irreconcilable. This requires that the judgment of the Court of Appeals be reversed and that these cases be remanded to the Circuit Court of Davidson County for new trial. The costs of this appeal are assessed against W. C. Smith, Jr. and Rupert L. Milliken, in equal shares.

BURNETT, Chief Justice, and WHITE, DYER and CHATTIN, Justices, concur.