ROGER JOHNSON and JESSIE LEE FORSYTHE, Respondents,

*v.*

LOYCE KING, Petitioner

ROGER JOHNSON and JESSIE LEE FORSYTHE, Respondents,

*v.*

HARRY KING, Petitioner.

426 S.W.2d 196.

(*Jackson,* April Term, 1967.)

Opinion filed March 18, 1968.

W. Frank Crawford, Memphis, for respondents.

L. Kirby Matherne, Brownsville, for petitioner.

Mr. Justice Humphreys delivered the opinion of the Court.

As a result of a collision between an automobile driven by Harry King, with Loyce King as a passenger, and a truck owned by Jessie Lee Forsythe, and driven by Roger Johnson, the Kings sued Johnson and Forsythe, and one Hamlett Phillips, alleging Johnson was negligent, and as he was an employee of Forsythe and Phillips, and on their business at the time, they were also liable. On order defendants jointly filed special defense pleas by which they denied the material allegations of the declarations; except, that they did admit that Johnson was employed by Jessie Lee Forsythe and Hamlett Phillips.

At the conclusion of the proof the trial judge directed a verdict of guilty against Johnson and submitted the case to the jury as to Forsythe and Phillips. The jury returned verdicts against Johnson and Forsythe, but found Phillips not guilty.

On appeal, the Court of Appeals set aside the judgment entered on the directed verdict against Johnson, there being some proof by his own testimony which tended to prove that he, Johnson, drove the truck over into his lefthand lane where the collision occurred, because, as he stated, the King automobile had first been driven into his lane, causing him to pull over into the other lane to avoid a collision; which occurred anyway because King pulled back into his own lane.

The judgments returned against Forsythe were set aside, and the suits against him were dismissed, on the ground that the jury's verdict against him was inconsistent with its verdict of not guilty in favor of Phillips,

and so could not stand. This conclusion was based on the assumption the evidence showed without contradiction Forsythe and Phillips were partners and, as the Court of Appeals expresses it:

"Therefore, if the jury found against Forsythe it is inconsistent under the pleadings and proof to have found in favor of Phillips. Legally, as partners or joint venturers, they cannot be separated. A verdict against one partner under the facts of this case requires a verdict against the other for the rule is well settled that partners are jointly and severally liable for matters growing out of wrongful acts of those acting for the partnership. *East Tennessee Natural Gas Co. v. Peltz*, 38 Tenn.App. 100, 270 S.W.2d 591 (1954)."

After commenting on *Southern Railway Co. v. Butts*, 214 Tenn. 328, 333, 379 S.W.2d 794 (1964) the Court held the unappealed verdict and judgment in favor of Phillips was res judicata of the Forsythe judgment.

We agree with the disposition made by the Court of Appeals of all other assignments of error, including its action in setting aside the directed verdict and judgment against Johnson, but we are of opinion the Court was in error in holding Phillips' judgment was res judicata of the Forsythe judgment.

Looking first to the declaration, to discover the legal theory of suit, we find it alleges that Johnson was an employee of Forsythe and Phillips and was on their business as their agent, servant and employee, at the time of the collision. There is no allegation that Forsythe and Phillips were partners or joint venturers. There is simply an allegation that they were joint tort-feasors acting

through a servant under such circumstances as to make applicable the respondeat superior doctrine.

■ ■ Since as a matter of law joint tortfeasors are both jointly and severally liable, *Hale v. City of Knoxville*, 189 Tenn. 491, 226 S.W.2d 265, 15 A.L.R.2d 1283 (1949), so that the Kings could have chosen to sue either Forsythe or Phillips, along with Johnson, or all three of them as they did, the necessary legal implication of the allegation of joint tortfeasorship was that Forsythe and Phillips were jointly liable or either one of them was liable with Johnson to answer to plaintiffs. Although we have gone far in this jurisdiction in requiring consistency in verdicts as a matter of law, we have never held that, where two or more are sued as joint tortfeasors, a verdict and judgment of not guilty in favor of one is res judicata as to the other. To the contrary, a verdict against one of two sued as joint tortfeasors is good. *Howard v. Haven*, 198 Tenn. 572, 281 S.W.2d 480 (1955); *Schoenly v. Nashville Speedways, Inc.*, 208 Tenn. 107, 344 S.W.2d 349 (1961); *Yellow Cab Co. of Nashville v. Pewitt*, 44 Tenn. App. 572, 316 S.W.2d 17 (1958).

■ The issue of partnership or joint venture was not raised by the declaration. Nor, was it raised by the special pleas, in the absence of which it is not available as a basis of decision of this case.

The nature of this suit as one against joint tortfeasors cannot be recast as a suit to enforce such a kind of partnership liability as that a verdict in favor of one defendant would be res judicata in favor of the other by loose and ill-defined references by counsel and parties to the joint operation of Phillips and Forsythe as being a partnership; especially in the absence of an allegation to this

effect in the declaration as a basis on which the suit was to proceed, and in the more noticeable absence of such a defense in the special pleas.

■ ■ But assuming for the sake of argument the proof did establish a partnership relation between Forsythe and Phillips, still the jury's verdict in favor of Phillips would not be res judicata of the Kings' action against Forsythe. It has long been a well settled rule of law that torts by a partner, or by an agent for whose misconduct the partnership is liable, an injured person may, at his election, sue one, some, or all of the partners. 68 C.J.S. Partnership sec. 136. This common law rule was carried into the uniform partnership act adopted in Tennessee in 1917 and, as stated in T.C.A. sec. 61-114, is that: All partners are liable *jointly* and *severally* for everything chargeable to the partnership. Cases referring to this statute are *Southgate v. Linton,* 181 Tenn. 540, 181 S.W.2d 888; *East Tennessee Natural Gas Co. v. Peltz,* 38 Tenn.App. 100, 270 S.W.2d 591; *Spencer Kellogg & Sons v. Lobban,* 204 Tenn. 79, 315 S.W.2d 514 (1958).

The separateness makes impossible the sameness—as to parties or privity—which is the very basis of res judicata. *Clements v. Pearson,* 209 Tenn. 223, 352 S.W.2d 236 (1961); *Merchants & Mfg. Transfer Co. v. Johnson,* 55 Tenn.App. 537, 403 S.W.2d 106.

■ The necessary legal consequence of this several liability is that where the suit is not brought against a partnership as such, but against two individuals as joint tortfeasors, their uncontradicted proof that they were acting as partners at the time of the tort giving rise to the action would not make a judgment in favor of one of them res judicata as to the other. This is the inevitable consequence of several—or separate—liability.

■ While *Southern Ry. Co. v. Butts,* 214 Tenn. 328, 379 S.W.2d 794 (1964) is not in point, it reflects the policy of this Court not to allow the verdict as to one party control another.

In that case, even though it was necessary to assume the jury's verdict against Mrs. Butts in her suit against Southern was based on her proximate contributory negligence, and in spite of the settled rule that the owner of a car, riding in it, with the driver under his control, has the negligence of the driver imputed to him so that he cannot recover damages, it was held the jury's verdict in favor of Mr. Butts, who owned the car, and was riding in it, was not inconsistent, contradictory and irreconcilable; nor was the judgment against Mrs. Butts res judicata of Mr. Butts' judgment. Justice White, writing for the Court said: "if Mrs. Butts' suit had been brought and tried at an earlier date with the same verdict, such verdict and judgment of dismissal would in no way be binding on another jury which might hear Mr. Butts' suit at a later date."

This conclusion was reached, of course, because of the separateness of the Butts' causes of action. Applying this reasoning inversely; since a not guilty verdict in favor of Forsythe, if he had been sued separately, would not be res judicata in favor of Phillips in a later suit, it necessarily follows it is not res judicata in a suit in which they are sued jointly and severally.

To bring this discussion down to earth and back to the farm and the circumstances out of which it grew: it is evident the jury returned a not guilty verdict in favor of Phillips because of Phillips' uncontradicted testimony that he was not the employer of Johnson on the day of

the accident. That Johnson was Forsythe's employee on that day and was being paid by Forsythe alone. That this was Forsythe's obligation. That he, Phillips, had furnished the land to grow hay that was being gotten up on that day, and it was Forsythe's part of the bargain to hire and pay the labor to get up the hay. All legal reasoning aside, this testimony casts substantial doubt on the assumed conclusion Forsythe and Phillips were so much one and the same in this particular day's operation as to make a verdict for one inconsistent with a verdict against the other.

Finally, we would point out that the only instances in which the appellate courts of this State have held verdicts to be inconsistent and irreconcilable to the point of necessary reversal, have been in cases where parties on each side have sued each other and the jury returned verdicts in favor of both sides. *Penley v. Glover,* 30 Tenn. App. 289, 205 S.W.2d 757 (1947); *Alabama Highway Express, Inc. v. Luster,* 51 Tenn.App. 691, 371 S.W.2d 182 (1963), or where under the facts the verdicts amounted to this. *Milliken v. Smith,* 218 Tenn. 665, 405 S.W.2d 475 (1966). As complicated as tort cases have become, where as many as two, three or four automobiles can be involved in a single accident, resulting in any number of passengers and drivers being both plaintiffs and defendants, in the interest of the administration of justice, since a jury trial is the right of a litigant, juries must be allowed some leeway in working out the right of a case, and should be brought up short by this Court only where this is necessary in the interest of unsophisticated justice.

Being, as stated, satisfied with the Court of Appeals disposition of all other assignments of error, particularly

that with respect to the verdict of guilty directed against Johnson, let an order be entered remanding this case for trial against the defendants Johnson and Forsythe; the judgment in favor of Phillips being unappealed from it is final.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.