IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 24, 2014

**CLUB LeCONTE v. CAROLINE SWANN**

**Appeal from the Circuit Court for Knox County**
**No. 333809    Hon. Deborah C. Stevens, Judge**

**No. E2013-01971-COA-R3-CV-FILED-MAY 16, 2014**

This appeal arises from a dispute concerning the payment for Defendant's wedding reception. Plaintiff filed suit when Defendant failed to pay for the reception as agreed. At trial, Plaintiff presented theories of breach of contract and unjust enrichment. The jury found for Plaintiff and returned a verdict against Defendant in the amount of $10,787.18. On appeal, Defendant requests reversal of the judgment entered against her because she believes that the jury verdict form erroneously allowed for recovery pursuant to both theories of breach of contract and unjust enrichment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Christopher D. Heagerty, Knoxville, Tennessee, for the appellant, Caroline Swann.

A. Philip Lomonaco, Knoxville, Tennessee, for the appellee, Club LeConte.

**OPINION**

**I. BACKGROUND**

In 2005, Caroline Swann ("Defendant") chose Club LeConte ("Plaintiff") as the location for her wedding reception. She met with one of Plaintiff's representatives to arrange the reception. The representative completed a "function sheet" that detailed the goods and services Defendant requested. The reception proceeded as scheduled; however, Defendant failed to pay Plaintiff the remaining balance for the goods and services that had been

rendered. Plaintiff issued several invoices that reflected the remaining balance and assessed late charges. When Defendant failed to respond to the invoices and remit payment, Plaintiff filed suit against Defendant. The initial suit was voluntarily dismissed prior to the rendering of a verdict. *See Club LeConte v. Swann*, 270 S.W.3d 545 (Tenn. Ct. App. 2008).

Plaintiff filed the suit that is at issue in this appeal pursuant to the saving statute. Plaintiff alleged that Defendant was liable pursuant to the theories of breach of contract or unjust enrichment for approximately $9000, plus costs, attorney fees, and other expenses, for goods and services rendered at the reception. Defendant admitted that she had not remitted payment to Plaintiff but denied liability.

The case proceeded to a jury trial.[1] After hearing the evidence, the jury found for Plaintiff and assessed damages against Defendant in the amount of $10,787.18. The trial court entered a judgment against Defendant in accordance with the jury verdict. This timely appeal followed.

## II. ISSUE

We restate the issue raised on appeal by Defendant as follows:

Whether the verdict should be reversed when the jury found for Plaintiff pursuant to the competing theories of breach of contract and unjust enrichment.

## III. STANDARD OF REVIEW

This appeal raises a question of law, which we review de novo with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

Defendant argues that the jury verdict form was internally inconsistent because it allowed for recovery pursuant to the competing theories of breach of contract and unjust enrichment. She claims that if the jury found that Defendant was liable pursuant to the theory of unjust enrichment, it must have also necessarily found that she did not have a valid contract with Plaintiff. She notes that the jury erroneously found for Plaintiff pursuant to both theories. Plaintiff responds that Defendant has waived review of the issue on appeal

---

[1] The statement of the evidence is devoid of information pertaining to the testimony presented at trial.

because she agreed to the revised verdict form before it was submitted to the jury. Plaintiff alternatively asserts that any error in the jury verdict form was harmless because Plaintiff did not recover twice, namely it only received what it was entitled to for the value of the goods and services rendered with interest.

Plaintiff likely offered competing theories in the event that the jury found that the "function sheet" was not a valid contract. *See Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (providing that the theory of unjust enrichment allows a court to "impose a contractual obligation where one does not exist"). Defendant is correct in her assertion that recovery pursuant to unjust enrichment is only available when a valid contract cannot be found or when additional goods and services have been rendered beyond that provided for in the initial contract. *Robinson v. Durabilt Mfg. Co.*, 260 S.W.2d 174, 175 (Tenn. 1953). Defendant argues and Plaintiff agrees that the verdict form at issue provided that Plaintiff was entitled to recovery pursuant to the theories of breach of contract *and* unjust enrichment. "Tennessee law is well-established that litigants are entitled to have their rights settled by a consistent and intelligible verdict and that verdicts that are inconsistent and irreconcilable cannot stand." *Concrete Spaces v. Sender*, 2 S.W.3d 901, 911 (Tenn. 1999) (citing *Milliken v. Smith*, 405 S.W.2d 475, 476 (Tenn. 1966); *Alabama Highway Express, Inc. v. Luster*, 371 S.W.2d 182, 183 (Tenn. 1963); *Penley v. Glover*, 205 S.W.2d 757, 759 (Tenn. 1947)). "Where a judgment is based upon inconsistent findings by a jury it is the duty of the appellate court to reverse and remand the case for a new trial." *Id.* (citations omitted).

Unfortunately, the jury verdict form is not included in the record on appeal for our review. It is Defendant's duty to prepare and file an adequate record for appeal. Tenn. R. App. P. 24. Without the jury verdict form, we are severely limited in our review of the issue raised on appeal. Additionally, Defendant consented to the jury verdict form before it was provided to the jury. If Defendant had raised the error, it could have been corrected at the trial court level. A party may not offer a new issue for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell Cnty. Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 466-67 (Tenn. Ct. App. 1984)). "The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver." *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted).

Absent waiver, any error in the jury verdict form was harmless. "Even if a verdict is defective in form, it is to be enforced if it sufficiently defines an issue in such a way as to enable the court to intelligently articulate a judgment." *Sender*, 2 S.W.3d at 911 (citing *Arcata Graphics Co. v. Heidelberg Harris, Inc.*, 874 S.W.2d 15, 22-27 (Tenn. Ct. App. 1993)). Defendant does not allege that Plaintiff received damages pursuant to each theory

and essentially recouped a double recovery. Defendant also does not assert that the verdict was contrary to the evidence and has not provided an adequate record for our review of the evidence presented at trial. Whether the jury agreed with both theories of liability or just one theory, the jury ultimately concluded that Plaintiff was entitled to payment for the value of the goods and services rendered plus interest and assessed damages to reflect that fact. With these considerations in mind, we conclude that any error in the jury verdict form was harmless because the form allowed the court to intelligently articulate a judgment against Defendant.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Caroline Swann.

_____
JOHN W. McCLARTY, JUDGE

-4-